Latham *v.* Westervelt.

[New-York General Term, October 3, 1853. . *Edmonds, Edwards, Mitchell, Roosevelt* and *Morris,* Justices.]

---◆---

## Latham *vs.* Westervelt.

When a person is arrested upon a warrant issued under the non-imprisonment act, he must be detained in custody, by the officer, until a final adjudication; unless, in case of an adjournment, he shall give a recognizance.

The statute allows a recognizance to be taken, but it contemplates that in case none is taken the defendant shall remain in custody, as provided by section 6; and no order is necessary for that purpose.

If no recognizance is given, and the officer allows the defendant to escape, so that when the final commitment is issued, the process cannot be executed, the sheriff is liable for the damages sustained by the plaintiff.

When a warrant under the non-imprisonment act is issued out of the supreme court, in the first district, the direction to bring the party before the particular justice issuing the same, is merely a matter of form, and not of substance; and if the warrant be made returnable generally before one of the justices of the court, the error, if it be one, does not render the warrant void; nor can the defect be taken notice of collaterally.

Appeal by the plaintiff, from a judgment of nonsuit. The action was brought against the defendant, as sheriff of the city and county of New-York, for the escape of one Daniel A. Van Namee, who had been arrested by the defendant, under a warrant issued by Judge Edmonds, in favor of the plaintiff against said Van Namee, by virtue of the provisions of the non-imprisonment act. The cause came on for trial at the New-York circuit in December, 1850, before his honor Justice Willard. The plaintiff proved the judgment in his favor against Van Namee, the affidavits on which the warrant issued, the issuing and contents of the warrant of arrest, its delivery to the defendant, his

appointment of a special deputy to execute the process, the arrest of Van Namee, by the defendant's deputy, and bringing him before Judge Edmonds, the controverting of the facts alleged in the plaintiff's affidavits, by Van Namee, the taking of testimony and the adjournment of the proceedings from time to time until the 5th day of May, 1849, when Van Namee was convicted by Judge Edmonds, under the proceedings, the prisoner being at that time before the judge in the custody of the defendant's special deputy, and having appeared at each adjournment in his custody. The plaintiff also proved the escape of Van Namee, and other proceedings before the judge, and the issuing and contents of the warrant of commitment, its delivery to the defendant, &c. At the close of the testimony on the part of the plaintiff, the defendant's counsel moved for a nonsuit, on the ground that at the time of the first appearance of the prisoner, Van Namee, before Judge Edmonds, no recognizance was taken for the appearance of Van Namee, at the adjournment day, and that he was not remanded by the judge into the custody of the defendant; on which points the plaintiff was nonsuited.

*Wm. Barnes*, for the plaintiff. I. It was not the duty of Judge Edmonds, on the first appearance of the prisoner Van Namee, before him, to "remand" the prisoner back into the custody of the defendant, and the failure of the judge to make such order did not discharge the defendant from the duty of keeping and detaining Van Namee in custody. An arrest is the restraint of a man's person depriving him of his own will and liberty, and binding him to become obedient to the will of the law; *and it may be called the beginning of imprisonment.* (1 *Burns' Law Dict.* 56, *tit. Arrest. Lambard's Just. ed. of* 1602, *p.* 87 *,Bur. Law Dict. tit. Arrest. Barb. Crim. Law,* 461. 1 *Chit. Crim. Law,* 12. *Allen on Sheriffs,* 92. *Bouvier's Law Dict. tit. Arrest.*) "In all cases where a prisoner is brought before a magistrate, he is still considered as being in the custody of the arresting officer until he is either discharged, bailed or committed to prison." (*Barb. Crim. Law,* 470. 2 *Hale's Pleas of the Crown,* 120, *margin.* 10 *H.* 4, 7, *a, Escape,* 8. 2 *R.. S.* 328;

§ 25, 3*d ed. p.* 230, *margin.*) Spencer says, " the defendant is to be arrested and kept in custody in the same manner as on *criminal process."* (*Non-imprisonment Act, with Practical Forms, &c. p.* 20, 24.) The non-imprisonment act itself provides, § 6, " The officer to whom such warrant shall be delivered, shall execute the same by *arresting* the person named therein and bringing him before the officer issuing such warrant; *and shall keep him in custody until he shall be duly discharged or committed as hereinafter provided."* (2 *R. S. 3d ed. p.* 108, § 6.)

II. The failure of the officer to take a recognizance from Van Namee on the first adjournment of the proceedings before him under the warrant, did not discharge the defendant from the duty of keeping and detaining Van Namee in custody. The non-imprisonment act provides, § 7 : " * * * and in case of an adjournment, such officer may take a recognizance with or without surety at his discretion, from the defendant, for his appearance at the adjourned hearing." (2 *R. S. 3d ed. p.* 108, § 7.) It is further provided, that in cases where the warrant is issued under the third and fourth sections, the defendant shall not be entitled to an adjournment, unless in addition to the requirements of the seventh section, he gives *a bond to the plaintiff in double the amount of his judgment,* conditioned, that until the final decision of the judge, he will not assign or dispose of his property, with a view to give a preference to other creditors, *&c.* (2 *R. S. 3d ed. p.* 108, § 8. *Recognizance : See Tomlin's Law Dict.; Burrill's Law Dict.*) The recognizances taken under this act, in pursuance of the seventh section, are in the name of the people, and are not for the benefit of the complainant. Spencer says: "This will be in writing, and in the usual form of recognizances in *criminal cases."* (*See Form, Non-imprisonment Act, with Pr. Forms, pamphlet, p.* 24.) Savage, Ch. J. in *Lynde* v. *Montgomery,* (15 *Wend.* 461,) says : " The process is in the form of *criminal process.* It assumes that the people have cause of complaint, and proceeds upon the ground of a fraud, either intended or committed. The defendant, when arrested, is to be treated like a person arrested on *criminal process."* Nelson, Ch. J. in *Moak* v. *De Forrest,*

(5 *Hill*, 605,) says that these proceedings are intended "as a substitute for an *execution against the person*, and are predicated upon certain alleged frauds committed by the debtor, with the view of eluding payment." (*See* § 11, *Non-imprisonment Act*, 2 *R. S.* 3*d ed. p.* 110, § 12; *Spencer* v. *Hilton*, 10 *Wend.* 608; *Spencer, Non-impr. Act, &c. pamphlet, p.* 19.) Whenever any recognizance to the people of this state shall have become forfeited, the district attorney shall prosecute the same. It is not necessary to prove any damages; the judgment shall be absolute for the penalty. (2 *R. S.* 3*d ed.* 579, § 29.)

*N. B. Blunt*, for the defendant. I. The original warrant of arrest did not authorize or require the sheriff to detain Van Namee in his custody after the adjournment of the proceedings before the judge. If an adjournment is had the judge must take a recognizance either with or without surety for the appearance of the defendant at the adjourned hearing; (*Laws of* 1831, *ch.* 300, § 7;) and by act of 1840, where the adjournment is applied for by the debtor a bond must be given that he will not dispose of his property. The act does not make provision for any other disposition of the defendant pending an adjournment. If, however, the defendant could be detained, pending the adjournment, he should have been remanded to the custody of the officer by the judge. The adjournment, by stipulation of the parties, released the sheriff from any responsibility for the safe keeping of the defendant. When the officer convicted the debtor on the 5th of May, he should have issued the commitment provided for by the ninth section of the act of 1831.

II. The original warrant of arrest was void, and by the arrest under it, the judge acquired no jurisdiction of the person of the debtor; it was a compulsory process, and Van Namee waived no rights by not objecting to the jurisdiction; all the subsequent proceedings were *coram non judice.* The warrant was returnable "*before one of the justices of this court,* at their chambers." This was not a proceeding before the court, but before the judge, acting in a summary proceeding as a judge at chambers or supreme court commissioner. The statute prescribes

Latham v. Westervelt.

the form of the warrant, and is imperative that it require the sheriff to make the arrest " *and bring him before such officer without delay;*" and no other judge had any jurisdiction or power in the premises. Wherever proceedings are of a summary character, the mere creature of the statute, and unknown to the common law, the act authorizing them must be strictly followed, or jurisdiction will not be acquired. (*Jones* v. *Reed,* 1 *John. Cas.* 20. ' *Bigelow* v. *Stearns,* 19 *John.* 138. *Horton* v. *Hendershot,* 1 *Hill,* 118. *Yager* v. *Hannah,* 6 *Id.* 631. *Bloom* v. *Burdick,* 1 *Id.* 130.)

III. The warrant being void upon its face, afforded no protection to the officer; and no action will lie for refusing or neglecting to execute it. (*Cornell* v. *Barnes,* 7 *Hill,* 35, *and notes.*)

IV. The defect in the warrant of arrest appears on the face of the pleadings, and can therefore be urged at any time against the plaintiff's right of action. The court will not set aside a nonsuit where it appears that the plaintiff cannot recover. (*Demyer* v. *Souzer,* 6 *Wend.* 436. *Wilson* v. *Williams,* 14 *Id.* 146. *Castellanos* v. *Jones,* 1 *Sel.* 164.)

*By the Court,* EDWARDS, J. The bill of exceptions in this case shows that Daniel A. Van Namee was arrested under the nonimprisonment act. The warrant was issued by one of the justices of the supreme court in the first district, and was in the usual form, except that it was made returnable before *one of the justices of this court* at their chambers, in the City Hall, &c. It appears, however, that the warrant was in fact returned before the justice who issued it, and that an examination was had before him, and that after. several adjournments, sometimes by his order, and sometimes by the stipulation of the parties, he being satisfied that the plaintiff's allegations had been substantiated, issued a commitment accordingly. It further appears that, at the time of the issuing of the final commitment Van Namee was not in the custody of the sheriff, by reason whereof the process could not be executed. It is to recover the damages, which the plaintiff claims that he has sustained by this alleged delinquency, that this action is brought.

It was proved upon the trial that on the first adjournment of the proceedings, no recognizance was taken, and that the defendant was not specially remanded by the justice to the custody of the sheriff. Upon these grounds the plaintiff was nonsuited.

The statute provides that the warrant shall command the officer, to whom it shall be directed, to arrest the person named therein, and bring him before the officers issuing the same, without delay. (*Laws of* 1831, *ch.* 300, § 5.) It further provides that the officer to whom the warrant shall be delivered " shall execute the same by arresting the person named therein, and bringing him before the officer issuing such warrant ; *and shall keep him in custody until he shall be duly discharged or committed*," &c. (*Ib.* § 6.) The seventh section of the act goes on to point out the manner in which the examination shall be conducted, and in contemplation of the necessity of an adjournment, provides that the officer before whom the proceedings are pending may take a recognizance for the defendant's appearance at the adjourned hearing. It will be observed that the statute does not say that an adjournment may be granted on giving a recognizance ; nor does it say that in case of an adjournment a recognizance shall be taken ; it simply gives the right to take a recognizance. Suppose, then, that nothing had been said about a recognizance, would it be contended that the duty of the officer serving the warrant would be fulfilled by merely arresting the defendant and bringing him before the officer by whom the warrant was issued ? If so, what is to be done with the section which declares that the officer serving the warrant shall keep the defendant in custody until he shall be discharged or committed ? The different sections taken together, as I understand them, mean that the party arrested shall be detained in custody by virtue of the statute, until a final adjudication ; unless, in case of adjournment, he shall give a recognizance. The statute allows a recognizance to be taken, but it contemplates that in case none is taken, the defendant shall remain in custody, as provided by section six, and no order is necessary for that purpose. For these reasons I think that the nonsuit ought not to have been granted.

It is contended, however, that the nonsuit can be sustained on another ground; and that is, that the warrant was made returnable before one of the justices of this court instead of being returnable before the justice who issued it.

The 30th section of the original code of procedure provided that every proceeding commenced before one of the justices elected in this district, might be continued before another justice, with the same effect as if commenced before him. This was intended to apply particularly to special proceedings. The result is that if the warrant had been made returnable before the justice who issued it, the proceedings might have been continued before any other justice in the first district. It follows then that the command in the warrant to bring the party before the particular justice issuing the warrant, is merely a matter of form, and not of substance; inasmuch as the proceedings may be carried on before any other justice who may be in attendance at chambers, and at most the warrant would only be voidable. Whether the alleged error would even have that effect, it is not necessary now to inquire. It is sufficient for the present that it does not render the warrant void; and if it be a defect, it is one which cannot be taken notice of collaterally.

The judgment must be reversed, and a new trial granted; costs to abide the event.

