## LATHAM *vs.* WESTERVELT.

The non-imprisonment act of 1831 does not require any written application for a warrant of arrest. None therefore is necessary ; and if one be used, it need not be addressed or signed. The affidavit mentioned in section 3 of the act, is all that is necessary.

When a debtor is brought before the judge, on a warrant of arrest, no recognizance need be taken for his appearance at the adjourned day. The officer arresting him is bound to bring him before the judge, and to *keep him* in custody until he shall be duly discharged, or committed. And if no recognizance is taken, he is bound to keep him in his custody ; and will be answerable if he escapes.

For an escape from arrest on a warrant issued under the non-imprisonment act, the rule of damages is, that the sheriff is *prima facie* liable for the amount of the judgment. But if it is shown that the debtor was unable to pay his debts, the jury should be instructed to give only such damages as the plaintiff has sustained by the escape.

An application for a warrant of arrest, under the non-imprisonment act, may be made to any judge of the court in which the suit was brought; whether

Latham *v.* Westervelt.

the judgment has been docketed in the county of the judge's residence, or not.

Where the affidavit, on which an application for a warrant of arrest was founded, alleged that the defendant was justly indebted to the applicant in a specified sum, with interest since, &c., upon a judgment rendered in the supreme court, in favor of the plaintiff, against the defendant, docketed with the clerk of the county of A. on &c., for $2668.18 damages and costs, which judgment was founded on an express contract, for which the defendant could not be arrested; and among other things, that the defendant had rights in action, debts and demands which he refused to apply to the payment of the judgment; *Held* that this was a sufficient statement of facts to give the judge jurisdiction; and that it was not necessary for the plaintiff to set forth what the original cause of action was.

MOTION for a new trial; founded on exceptions taken at the circuit. The facts are presented in the opinion.

*Wm. Barnes*, for the plaintiff.

*A. J. Vanderpoel*, for the defendant.

*By the Court*, MITCHELL, P. J. This case was before the general term once before, and is reported in 16 *Barb.* 421; the court then setting aside a nonsuit. A new trial has been had, and resulted in favor of the plaintiff. The case now comes again before the court on exceptions. The action is brought against the defendant as sheriff of New York, to recover damages on account of the escape of Daniel A. Van Namee from his custody, after he had been arrested by order of Justice Edmonds, on behalf of Latham, under the non-imprisonment act of 1831. Objections are made; 1st. That the affidavits presented to the justice did not show facts enough to give him jurisdiction; 2d. That the judgment not having been docketed in the city of New York and having been obtained in Albany, the judge had no power to act; 3d. That the application for the warrant was not addressed to the justice, or signed; 4th. That when the prisoner was first taken before the justice no recognizance was taken for his appearance at the adjourned day; 5th. That the court excluded the defendant's testimony that Bernel was the regular deputy of the

sheriff to serve the warrant, and he not being able to go, a person was, at the request of the plaintiff, deputed by the sheriff to serve the warrant ; and that Mr. Stewart (who had the prisoner in charge) was the person ; 6th. That the court should only have allowed nominal damages to the plaintiff.

To some of these objections a short answer may be given, and those objections will be noticed first.

(3.) The non-imprisonment act does not require any *written application* for a warrant. None therefore is necessary ; and if one be used it need not be addressed or signed. The act allows the creditor to " apply to any judge of the court in which the suit was brought," for a warrant to arrest the defendant, (§ 3,) and then prescribes the requisites to its issuing. " No such warrant shall issue unless satisfactory evidence be adduced to such officer, by the affidavit of the plaintiff or of some other person," &c. That affidavit is alone made necessary.

(4.) The fourth objection was decided against the defendant before ; the statute (§ 6) requiring the officer arresting the debtor " to bring him before the judge issuing the warrant, and to *keep him* in custody until he shall be duly discharged, or committed as hereinafter provided." If no recognizance were taken, the sheriff could not be excused under that law for not " *keeping*" the debtor in his custody, or for suffering an escape.

(5.) The defendant did not offer to prove that a person was selected by the *plaintiff* to execute the warrant as his agent ; but that one of the regular deputies of the sheriff not being able to attend to the business, the sheriff, at the request of the plaintiff, appointed another person as his special deputy. There was no offer to prove that this person was named by the plaintiff, or was known to him : he was not therefore the plaintiff's agent, but the agent of the sheriff.

(6.) For an escape from an execution, or on attachment for non-payment of costs, the sheriff is liable for the whole debt ; but for an escape from custody on *mesne process* and other proceedings, he is liable to the extent of the damages sustained

Latham *v.* Westervelt.

by the creditor. (2 *R. S.* 437.) The court charged that the rule of damages was that the sheriff was *prima facie* liable for the amount of the judgment; but as the defendant had given evidence of Van Namee's inability to pay his debts, the jury should give only such damage as the plaintiff had sustained by the escape. This conforms to the above statute and to *Patterson* v. *Westervelt,* (17 *Wend.* 543.)

(2.) The judgment was recovered in the supreme court of this state, in October, 1848, and docketed in Albany; the warrant was obtained in the city of New York, where the defendant resided, but the judgment was not docketed in the latter city. The act of 1818, *ch.* 48, authorized applications for a warrant under the non-imprisonment act of 1831 to be "made to *any* judge of a court of record in *any* county in which the judgment, on which the complaint is grounded, is *docketed,* and in which the defendant resides." This was an enabling act, and extended the right to issue the warrant to *any judge* of a court of record in the county in which the judgment was docketed and the defendant resided, although the judge should *not* be of the supreme court, or of the court in which the judgment was obtained. The act of 1831 (§ 3) only allowed the application to be made to a judge of the *court* in which the suit was brought, or to an officer authorized to perform the duties of *such* judge. Under it a judge of a county court could not take cognizance of these matters if the judgment were obtained in any other court than his own, unless he was a commissioner appointed to perform the duties of such other court. The act of 1848 repealed no part of the act of 1831, but extended the jurisdiction to another class of judges— to judges not of the court in which the judgment was obtained. This latter class could act only if the judgment were docketed in their county. But the act of 1831, allowing the application to be made to any judge of the court in which the suit was brought, remained in full force and unaltered; so that such judge could act, whether the judgment were *docketed* in the county in which he (the judge) was, or not.

(1.) The first objection remains to be considered. The plaintiff's affidavit alleged that Van Namee was justly indebted to him in the sum of, &c., and interest since 30th October, 1848, upon a judgment rendered in the supreme court of this state in favor of the plaintiff, against Van Namee, docketed with the clerk of the county of Albany on the 30th October, 1848, for $2668.18 damages and costs, which judgment was founded upon an express contract, and for which demand and for which judgment Van Namee could not be arrested, &c.; and among other things, that Van Namee then had rights in action, debts and demands which he refused to apply to the payment of the judgment. The defendant objects that this is not a statement of facts, but of conclusions of law, and that the plaintiff should have set out what the original cause of action was on which the judgment was obtained, that the court might judge if it was on contract, or if it was on the causes of action excepted by section 2 of the act. The general rule is that a party is to state facts, and not conclusions of law, in a pleading or a summary proceeding. The question is, how is that rule to be applied; and what, within the meaning of it, is a statement of facts. Usually (and it may be said always) in an indictment—the most precise of all pleadings—it is sufficient to follow the words of the statute, on which the indictment is founded. On summary proceedings there is no reason for requiring a greater particularity of statement, than on an indictment, except that in matters in which an interest is to be established, that being a matter of *inference* only to be drawn from other facts to be stated, those facts must be stated : and there may be other similar exceptions.

So in these cases, it is not enough to allege that the judgment debtor is indebted on a claim for which he, according to the provisions of the act of 1831, cannot be arrested or imprisoned. That would be stating an inference of law, without furnishing the facts on which it was grounded. But here the plaintiff did furnish satisfactory evidence that there was a *debt* due to him from the defendant, amounting to more than $50,

Latham *v.* Westervelt.

and specified the nature and amount thereof as the 4th section first requires, when he showed that the defendant was indebted on a judgment for a certain sum recovered on a certain day. The judgment was the debt due. The statement of the judgment, and that it was recovered on an express contract, was a statement also of the *nature* of the debt. The statute does not require the origin of the debt, or its particulars, to be proved. Then to show by facts that the action was one on which the defendant could not be arrested under the first section of the act of 1831, the plaintiff also proved by his affidavit that the judgment obtained by him was "founded upon an express contract." The first section prohibits an arrest or imprisonment on civil process in any suit for the recovery of money due upon *any contract,* express or implied. The affidavit was as full as the statute, and followed its language. To allege that a contract was made is to allege a fact; and it is for a jury, and not for the court, to decide whether one was made or not. To determine what the contract means requires a statement of its particulars, and as nearly as may be of its words or language. That is a question of law, and is for the court to decide; and therefore when the question is what does the contract mean, the particulars of the contract must be set out; but when the question is whether the action was on a contract or for a tort, any layman may testify to it as a fact. The second section declares that the first shall not extend to actions for fines or penalties, or on promises to marry, or for moneys collected by a public officer, &c. This is not a part of the first section, nor even a proviso or exception *in form* to it; but a separate clause intended to interpret the first, and to prevent its "*extension*" to cases to which it was not intended to be applied. In such cases, in pleading, it is unnecessary to notice the qualifying part of the statute: it devolves on the opposite party to show it. The same rule should be applied here; and as the affidavit is as broad in its language as that used in the prohibitory section of the act, it must be deemed coextensive with it.

The 4th section of the act of 1831 required the above proof. The 5th section then proceeds as follows : " Upon such proof being made, to the satisfaction of the officer, &c. he shall issue the warrant." No other proof than this was necessary. In the fourth edition of the revised statutes the introduction of some amendments to the act of 1831, made in subsequent years, may lead to some confusion, but not if the dates of the several enactments are observed.

The judgment for the plaintiff should be affirmed, with costs.

[NEW YORK GENERAL TERM, December 30, 1857. *Mitchell, Clerke* and *Davies,* Justices.]