## SUPREME COURT

### ELIAS FASSETT agt. SAMUEL W. TALLMADGE.

Where in an action to set aside a conveyance for fraud, the court declared the sale made to the vendee to be fraudulent and void as against the plaintiff, and all other creditors of the vendors who should come in under the plaintiff's judgment; and ordered that the defendant (the vendee) pay to a receiver appointed by the court a sum of money for the property so received by him, with costs against the defendant,

*Held*, that an execution against the *person* of the defendant could not be issued after an execution against his property, returned unsatisfied, to enforce the payment of the money ordered to be paid to the receiver.

In such case, the defendant cannot be charged with contracting a debt or incurring an obligation to the plaintiff for which he might have been arrested under § 179, sub. 4 of the Code.

*New York General Term, May,* 1862.

INGRAHAM, LEONARD and ROSEKRANS, *Justices.*

THIS action was brought to set aside a conveyance made by a debtor of the plaintiff to the defendant Tallmadge, on the ground that it was fraudulent and void as to creditors. The court so deemed it, and ordered the sale made to Tallmadge to be declared fraudulent and void as against the plaintiff and all other creditors who should come in under said judgment, and the defendant Tallmadge to pay to a

receiver appointed by the court a sum of money for the property so received by him. The judgment also ordered that the plaintiff should recover against the defendant his costs. An execution was issued against the defendant's property for the costs, which was paid. An execution was also issued for the moneys directed to be paid to the receiver, which were not collected, and an execution against the person was then issued against the defendant, without any order of arrest either before or after the judgment. The defendant has moved to set aside the execution as irregular, which was granted at special term, and the plaintiff has appealed.

DORMER B. EATON and WM. C. HORNFAGER, *for appel't.*
ELBRIDGE T. GERRY and W. CURTIS NOYES, *for resp't.*

By the court, INGRAHAM, P. Justice. By section 288 of the Code, an execution can only be issued against the person in one of those cases in which the defendant might have been arrested under sections 179, 181. None of the subdivisions of section 179 relate to an action in which fraud in contracting the debt or obligation exists, except the fourth, and that applies only to a case where the fraud was committed in contracting the debt or incurring the obligation for which the action is brought. I am at a loss to understand how the defendant can be charged with con-tracting a debt or incurring an obligation to the plaintiff. The plaintiff's action rests on a supposed fraud perpetrated by the vendors to the defendant, with intent to defraud the creditors of the vendors. It is not even necessary to maintain such an action, that the vendee should be a party to the fraud, knowingly. He may know of sufficient facts to charge him with notice, and yet, as a vendee, be inno-cent of any actual fraud in making the purchase, and still the court would declare the sale fraudulent. The same thing might occur in the case of an assignment for the

benefit of creditors, where the assignee might be entirely free from any actual fraud, and yet the assignment be declared fraudulent and void. To hold that under such circumstances the vendee or assignee is guilty of fraud in contracting an obligation, and therefore liable to arrest, would be at variance with all the provisions of law since the act of 1831 abolishing imprisonment for debt.

When this case was before Mr. Justice MULLIN, on a motion for an attachment, he seems to assume that the defendant was liable to arrest. He says : " This defendant is, I presume, liable to be imprisoned on execution in this case. Fraud is charged and proved, and in such an action the body of the defendant may be arrested and imprisoned." For this he cites section 179 of the Code, and 3d Revised Statutes, 126, § 1, being the first section of the act to abolish imprisonment for debt. With the great respect I entertain for the opinions of this learned justice, I have hesitated to dissent from the views thus expressed by him. But I cannot resist the conclusion that he has overlooked a requisite in both statutes referred to, which would materially alter the case. The first section of the act to abolish imprisonment, and section 179 of the Code in the 4th subdivision, are expressly confined in their operation to cases of contract, or in which the debt is contracted or an obligation is incurred. Neither of them apply to a case like the present where the action is a proceeding in equity to set aside a conveyance or assignment of personal property. It seems to me also that the learned justice has overlooked the real party who is guilty of the fraud. In ordinary cases of this character the party making the sale or conveyance, and not the party receiving it, is the one who is guilty of fraud.

A reference to the interlocutory judgment will show that it was the sale, and not the act of the defendant Tallmadge, that was declared void. And the final decree recognized as valid, judgments made by Tallmadge to the firms who

made the sale, and to their creditors on account of the property, to the amount of over $20,000. Can it be that any court can be said in the same judgment to hold that the purchaser of property is a *bona fide* holder for value, and at the same time that he is a fraudulent purchaser liable to be arrested for the fraud ?

I forbear referring to the other questions which have been discussed in this case. It is not material to the decision of this case that we should examine them. If the plaintiff was not satisfied with the decision on the motion for an attachment, he should have appealed. If such attachment was unnecessary, and the compliance with the order could be enforced by execution under section 285, we need only say here that nothing in that section authorizes an execution against the person. Whatever other course the plaintiff may be entitled to take to enforce compliance with the judgment, he has no right to do it by an execution against the person without any order of the court.

The order appealed from should be affirmed.

