THE PEOPLE ex. rel. CHARLES DUSENBURY, Appellant, v. GILBERT M. SPEIR as Justice, etc., Respondent.

A warrant of arrest cannot be issued under the provisions of the act "to abolish imprisonment for debt and to punish fraudulent debtors" (chap. 300, Laws of 1831), to enforce a judgment in an action in tort. To authorize the issuing of the warrant it must appear by the affidavit presented that the judgment was founded upon a contract, or that the cause of action was to recover damages for the non-performance of a contract, express or implied.

A contract within the meaning of the act must be one resulting from the voluntary arrangement of the parties, and not one implied by law for the purpose of giving a remedy for a wrong.

The implied contract referred to in said statute (§ 1) is one where, although not expressed in words, the intention of the parties to contract may be

1879.]    THE PEOPLE ex rel. DUSENBURY v. SPEIR.    145

Opinion of the Court, per DANFORTH, J.

presumed from their acts and the surrounding circumstances, so that
there appears to be the "*aggregatio mentium*," essential to a contract
at common law.

Accordingly, *held*, where an affidavit, presented for the purpose of obtain-
ing a warrant under said statute, set forth a judgment in an action for
obtaining money deposited in court by fraud and imposition, and in
violation of an injunction, that defendant was not protected from arrest
in that action by said statute; and that the affidavit did not give
jurisdiction to issue a warrant under the statute.

(Submitted April 8, 1879 ; decided April 25, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, affirming, upon certio-
rari, proceedings under the non-imprisonment act (chapter
300, Laws of 1831), by and before defendant as justice of the
Supreme Court, which resulted in the issuing of a warrant for
the arrest of the relator.

The facts appear sufficiently in the opinion.

*Hall & Blandy*, for appellant.    The application for the
warrant, being based upon defendant's examination in supple-
mentary proceedings and the judgment roll, should not have
been granted.    (*Lathrop* v. *Clapp*, 40 N. Y., 332; *Forbes* v.
*Willard*, 37 How., 193; *People* v. *Underwood*, 16 Wend.,
546; Wait's An. Code, § 292.

*D. M. Porter*, for respondent.    The judgment roll, being a
part of the evidence upon which the warrant was issued, is
conclusive and cannot be contradicted.    (*Krekeler* v. *Ritter*,
62 N. Y., 372; *Goodrich* v. *Downs*, 6 Hill, 438; *Woodburn*
v. *Mosher*, 9 Barb., 255.)    The complainant was not bound
to produce proof to substantiate his charges, until the same
had been controverted by defendant's affidavit or proof.
(*Wheaton* v. *Fay*, 62 N. Y., 275; *Stanton* v. *Schell*, 3
Sandf., 323; *People* v. *Bd. of Police*, 39 N. Y., 506; *More-
wood* v. *Hollister*, 2 Seld., 309.)

DANFORTH, J.    In the course of supplementary proceedings
instituted by judgment and execution creditors of Selah Hiler,
William S. Kiely was appointed receiver of the property, etc.,

of the judgment debtor, and as such commenced an action in
the Superior Court of the city of New York, against Selah
Hiler, Charles Dusenbury, George W. Lane, as chamberlain
of the city of New York, and others.   It appears from the
complaint that at the time of his appointment there was an
action pending in favor of Hiler against certain parties,
in which a considerable sum of money had been obtained
and placed in the hands of Lane as chamberlain, to the
credit of the action, and payment of the same to Hiler
was forbidden by injunction ; that afterwards Hiler, with
the fraudulent intent of obtaining possession of the money,
and preventing it from coming to the hands of his cred-
itors, and with intent to violate the injunction order,
claimed that the money had been previously assigned by him
to Dusenbury in trust for the benefit of certain creditors of
Hiler; that Dusenbury with knowledge of this injunction,
induced Lane to pay the money to him as such trustee; that
the assignment under which Dusenbury made the claim was
fraudulent and void as against creditors, and the plaintiff as
receiver ; and the prayer was that the assignment be declared
fraudulent and void, and the plaintiff have judgment against
each defendant, payable out of the money received by him.
Issue was joined, and the trial court found, and decided
among other things, " that the defendants Hiler and Dusen-
bury, with the fraudulent intent and purpose of obtaining
possession of said money, or of transferring and disposing of
the same, and preventing it from coming to the hands of cred-
itors, and with full knowledge of said injunction order, and
with the intent to violate it ; procured by fraud an order from
the court, requiring the chamberlain to pay to Dusenbury as
trustee, the money so deposited with him.   That it was so
paid to him as trustee.  That no assignment was in fact
made to Dusenbury as trustee or otherwise ; that he was
not individually or as trustee entitled to it ; that he wrong-
fully and fraudulently procured possession of the same, and
judgment was entered as stated in the affidavit hereinafter
referred to.

After the recovery of this judgment, the plaintiff upon the affidavit of his attorney, to which was attached a copy of the judgment roll in the action above referred to, applied to the respondent for a warrant for the arrest of the relator, under the provisions of the act of 1831 (*chapter* 300) "*to abolish imprisonment for debt, and to punish fraudulent debtors.*" Upon the return of the warrant a hearing was had, and the relator discharged. The General Term of the Supreme Court reversed the determination of the magistrate and upon a rehearing, the respondent, following the rulings of that court, convicted the relator, and he removed the proceedings to the Supreme Court, where they were affirmed, and from the order of that court the relator has appealed. The first question to be examined, relates to the jurisdiction of the officer who issued the warrant. His authority in this case was not absolute. It depended upon the existence of certain facts. He was required by the statute from which he derived his authority to have proof of these facts, and the same statute declared that he should not issue a warrant without that proof, which is there prescribed, and thus made indispensable to the exercise of his authority. His jurisdiction, and its limitation depend upon the provisions of the act above referred to. Under those provisions, no person can lawfully be arrested or imprisoned on any civil process, issuing out of any court of law, or on any execution issuing out of any court of equity in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract express or implied, or for the recovery of any damages for the non-performance of any contract. (*Section* 1.) But in such cases it is made "lawful for the plaintiff" who shall have obtained judgment against such person to apply to any judge of the court in which such suit is brought for a warrant to arrest the defendant therein. (*Section* 3.) Then follow these words of prohibition: "No such warrant shall issue, unless satisfactory evidence be adduced to him by the affidavit of the plaintiff, or of some

other person that there is a debt or demand due to the plaintiff from the defendant, amounting to more than fifty dollars and specifying the nature and amount thereof, as near as may be, *for which the defendant* according to the provisions of this act cannot be arrested or imprisoned," and establishing one or more particulars which are specified, but which do not become at present, material in this inquiry. We are thus met at the outset with the question, whether the judgment, for the enforcement of which these proceedings were instituted, was founded upon contract, or resulted from a suit, which had for its cause of action a claim for damages for the non-performance of a contract. And this inquiry must be answered from the affidavit presented to the judge, and on which he based his warrant. The affidavit states the recovery of a judgment against the relator, in favor of the plaintiff, William S. Kielcy, as receiver, etc., of Selah Kiler, for $3,627.91, but neither states the cause of action, nor the nature of the indebtedness, nor that it was upon contract express or implied, nor any fact from which either of these conditions can be inferred. The affidavit however contains these words : " Deponent further says and charges, that he verily believes that the defendant Dusenbury neither had any title or right to the moneys received by him from the chamberlain of the city of New York, which is particularly mentioned in the judgment roll in which the judgment in favor of the plaintiff was recovered, and that he well knew that he had none but that he obtained it in disobedience of the injunction restraining him from receiving the same, and by fraud and imposition on the Court of Common Pleas, which court made the order on which he obtained the money, and this statement is made upon the judgment roll in this action, and findings of fact contained in said judgment roll, and upon the documentary evidence put in evidence on the trial to obtain said judgment. Deponent further says the said judgment is wholly unpaid, and constitutes the foregoing indebtedness; and further says that for the said cause of action, the defendant by the first two sections of the

act (above referred to) cannot be arrested or imprisoned as defendant is advised and believes." The clause last cited states a mere inference of law, and that not the verified inference of the affiant, but his belief merely of the truth of advice given him. It is not enough. (*Latham* v. *Westervelt*, 26 Barb., 260; *Broadhead* v. *McConnell*, 3 id., 187.) Every fact stated in the affidavit as to the cause of action, meagre as it is in facts, leads to an inference that there was no contract at the foundation of the action, nor any act or circumstance from which one could be inferred or implied. Indeed the facts charged indicate directly a cause of action resting in tort. That the defendant obtained the money without right or title, and that he well knew he had none, excludes the idea that he received it under a contract, and when we are told furthermore that he received the money in disobedience of an injunction order, restraining him from receiving it, and then that he obtained it by fraud and imposition on the court, we perceive not only that there was no contract, but that there is no fact from which a contract can be implied, and that if the allegations are true, the cause of action was not one for which the defendant, according to the provisions of the statute could not be arrested. Nor is there any fact stated in the judgment roll which aids or strengthens the affidavit. There is nothing in the complaint or findings to indicate that the cause of action was a contract express or implied, and upon the hearing before the respondent after the arrest of the defendant, he so held, saying: "In looking at the judgment roll it is plain that the warrant herein should not have been granted, for the defendant could have been arrested in that original action, and if so he cannot be prosecuted under "the act to abolish imprisonment for debt."

And the learned judge who delivered the opinion of the General Term upon the first review (12 Hun, 70) says: "The complaint in the receiver's action neither set forth in terms, nor in any manner alluded to any contract existing between himself or the judgment debtor, and the defendant

Dusenbury, either as a basis of the liability desired to be enforced and maintained, or otherwise," but upholds the jurisdiction of the judge upon the ground that, "from the facts imperfectly stated in the complaint as they were, it could readily be seen *that an implied contract existed in law* for the payment of the moneys received by the defendant Dusenbury, to the receiver, in case he had no right to receive and hold them upon the ground claimed by him." We cannot agree with the learned judge in this construction of the statute. On the contrary we think that the express contract referred to in the statute is one which has been entered into by the parties, and upon which if broken an action will lie for damages, or is implied, when the intention of the parties if not expressed in words, may be gathered from their acts, and from surrounding circumstances ; and in either case must be the result of the free and *bona fide* exercise of the will, producing the "*aggregatio mentium,*" the joining together of two minds, essential to a contract at common law. There is a class of cases where the law prescribes the rights and liabilities of persons who have not in reality entered into any contract at all with one another, but between whom circumstances have arisen which make it just that one should have a right, and the other should be subject to a liability similar to the rights and liabilities in certain cases of express contract. Thus, if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass, such money may be recovered back, for the *law* implies a promise from the wrong-doer to restore it to the rightful owner, although it is obvious that this is the very opposite of his intention. Implied or constructive contracts of this nature are similar to the constructive trusts of courts of equity, and in fact are not contracts at all. (Addison on Contracts, 22.) And a somewhat similar distinction is recognized in the civil law, where it is said : "In contracts it is the consent of the contracting parties which produces the obligation ; in *quasi* contracts there is not any

consent. The law alone, or natural equity produces the obligation by rendering obligatory the *fact* from which it results. Therefore these facts are called *quasi* contracts, because without being contracts, they produce obligations in the same manner as actual contracts." (1 Pothier on Obligations, 113.) And again at common law says *Blackstone*, (vol. 3, page 165): "If any one cheats me with false cards, or dice, or by false weights or measures, or by selling me one commodity for another, an action on the case lies against him for damages upon the contract which the law implies, that every transaction is fair and honest." So if money is stolen, its owner may sue the thief for conversion ; doubtless he may sue him for money had and received to his use, but in either of these cases could it be claimed that the wrongdoer was within the protection of the act passed to abolish imprisonment for debt, or that the contract implied by law was the contract specified in the first section of that act ? Surely not. And to that class the present case belongs. The court below expressly puts the obligation upon the mere authority of the law, and makes a contract "by force of natural equity." The learned judge says : "the law implied a promise to pay over, as the judgment directed that to be done." So obligations are created in consequence of frauds or negligence, and in either case the law compels reparation, and permits the tort to be waived, but there is no contract. That can only come from a convention, or agreement of two, not by the option, or at the election of one. In the case before us there is not even an election, for the complaint states no contract, nor charges any assumpsit.

It is also claimed by the respondent's counsel that inasmuch as the judgment declares the assignment under which the defendant claimed the money in question to be void, therefore Dusenbury must be deemed to have fraudulently incurred the obligation for which the action was brought, but that position is subject to the objection before mentioned ; in that, the debt or obligation spoken of in the act of 1831, means a contract resulting from the voluntary arrangement of the

parties, and not one implied by law for the purpose of giving a remedy for a wrong suffered.

That the debt or obligation was fraudulently incurred is one of the particulars which, proved to exist, permits the judge to issue the warrant; but it must be remembered that in an action for the recovery of a debt, no arrest can be had, and it is mere evasion to say the defendant violated the injunction; imposed upon the court; made a claim under a fictitious assignment; and so, having wrongfully obtained the money, he refuses to pay it over, but the law says he ought to, therefore he shall be deemed to have promised, hence you may sue on that assumpsit, but you cannot arrest because the non-imprisonment act says you shall not in an action on contract. Therefore you set out in an affidavit the very frauds in consequence of which the law implied the contract and demand the arrest of the defendant. It is very clear that an action for wrongs to persons, or to their property; actions of trover or trespass, or replevin, are not within the section, for they do not arise on · contract. The party wronged cannot by waiving the tort make a contract, and then resort to the fact which constituted the tort, as a ground of arrest. *Fassett* v. *Tallmadge*, (37 Barb., 436,) was an action similar to the one upon which these proceedings are based, to set aside a conveyance made by a debtor of the plaintiff to the defendant Tallmadge, on the ground that it was fraudulent and void as to creditors; it was so held and the defendant was ordered to pay to a receiver appointed by the court, a sum of money for the property received by him. In considering whether he was liable to be imprisoned, the court say: " The first section of the act to abolish imprisonment for debt, and the one hundred and seventy-ninth section of the Code, fourth subdivision, are expressly confined in their operation to cases of contract, or in which the debt is contracted, or an obligation is incurred. Neither of them apply to a case like the present, where the action is a proceeding in equity to set aside a conveyance or assignment of personal property."

As the complaint stated no cause of action upon contract, and as the affidavit presented to the judge contained no statement or assertion tending to establish a contract express or implied as the basis of the judgment, but on the contrary an action to recover the fund on the ground of its unlawful appropriation, or conversion by the defendant, showing misfeasance or malfeasance on his part, rather than a contract liability, the case is not within the statute.

Many other questions are raised by the appellant's points, but as the conclusion to which we have arrived in regard to the one above mentioned, goes to the foundation of the proceedings, it is unnecessary to discuss them.

The order of the General Term should be reversed, and the warrant of Judge Speir for the arrest of the relator dated 14th of November, 1876, and all subsequent proceedings thereunder vacated and set aside.

All concur, except Miller, J., absent at argument.

Ordered accordingly.