was no corresponding obligation on the part of the plaintiff. There was no obligation on plaintiff's part to even place the machine on defendant's premises, and, even if placed there, there was no obligation to continue it. The paper was unilateral; there was no mutuality, and, therefore, it was not enforceable by either party. Chicago & G. E. R. R. Co. v. Dane, 43 N. Y. 240; Rafolovitz v. American Tobacco Co. (Sup.) 23 N. Y. Supp. 274, affirmed 73 Hun, 87, 88, 25 N. Y. Supp. 1036; Hurd v. Gill, 45 N. Y. 341, 343; Wilkinson v. Heavenrich, 58 Mich. 574, 26 N. W. 139, 55 Am. Rep. 708; American Cotton Oil Co. v. Kirk, 15 C. C. A. 540, 68 Fed. 791, 794; B. & O. R. R. Co. v. Potomac Coal Co., 51 Md. 327, 34 Am. Rep. 316.

It may be said that the clause giving 30 per cent. of the profits to the defendant was a consideration making the paper binding, but this only accrued in the event the machine was placed on defendant's premises and retained there, and the retention of the machine was optional with the plaintiff. The judgment should be reversed, with costs, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, with costs, and new trial ordered, with costs to appellant to abide event. All concur.

---

MUNGER VEHICLE TIRE CO. v. RUBBER GOODS MFG. CO.

(Supreme Court, Appellate Term. January, 1903.)

1. COURTS—JURISDICTION—SUIT BETWEEN FOREIGN CORPORATIONS—DOMESTIC CONTRACT—DEPOSIT OF MONEY—PROMISE TO REPAY.

The deposit, within the state, of money, by one foreign corporation, with another, and a promise to repay it, with interest, on demand, constitutes a contract, action for the breach of which is within the jurisdiction of domestic courts under Code Civ. Proc. § 1780, providing that one foreign corporation may sue another for breach of a contract made within the state.

Appeal from City Court of New York, Special Term.

Action by the Munger Vehicle Tire Company against the Rubber Goods Manufacturing Company. From an interlocutory judgment sustaining a demurrer to the amended complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Goldsborough, Villard & Warner (Richard F. Goldsborough, Harold G. Villard, and Ernest G. Lorenzen, of counsel), for appellant.

Zabriskie, Burrill & Murray (Hamilton M. Dawes, of counsel), for respondent.

CLARKE, J. Plaintiff and defendant are foreign corporations. The complaint alleges that at the city and county and state of New York plaintiff deposited with defendant money, checks, and drafts amounting to the sum of $1,230.60, at specified dates, and thereupon, at said place, the defendant promised to return and repay the same to the plaintiff, with interest, upon demand. Defendant demurs upon

the ground that the court has not jurisdiction of the person of the defendant, nor of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. Both parties being foreign corporations, section 1780 of the Code of Civil Procedure applies. Appellant concedes that, unless its complaint comes within subdivision 1 thereof, the demurrer was properly sustained. That provision of law is as follows: "Sec. 1780. An action against a foreign corporation may be maintained by another foreign corporation * * * in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract, made within the state." Plaintiff claims that the allegation of a deposit of money made with the defendant within the state, which defendant, within the state, promised to return and repay, with interest, upon demand, sets forth an action to recover damages for the breach of a contract made within the state. Defendant claims that what is alleged does not constitute an action for damages for the breach of a contract, but is an action for money had and received, and that such an action is not an action upon a contract. It is quite true that there are cases where the action for money had and received will lie when there is no meeting of the minds, where the obligation to repay is one of law merely—as where one has obtained money from another through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass. Such money may be recovered back, for the law implies a promise from the wrongdoer to restore it to the rightful owner, though this is the very opposite of his intention. Implied or constructive contracts of this nature are similar to the constructive trusts of courts of equity, and in fact are not contracts at all. They are called quasi contracts, because, without being contracts, they produce obligations in the same manner as contracts. People ex rel. Dusenbury v. Speir, 77 N. Y. 150. But such is not this case. Here it is alleged that plaintiff deposited the money with defendant, and thereupon the defendant promised to return and repay the same to the plaintiff, with interest, upon demand. That is the allegation of facts constituting a contract. It being also alleged that the deposit and the promise to repay—that is, the making of the contract—took place within the city, county, and state of New York, the statute is satisfied, and the court had jurisdiction. Judgment reversed; demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer over within 10 days and upon payment of costs.

Judgment reversed; demurrer overruled, with costs, with leave to defendant to withdraw demurrer and answer over within 10 days upon payment of costs. All concur.