## SUPREME COURT.

### MORITZ PAM agt. FREDERICK VILMAR.

*Execution against the person — when will be vacated.*

A defendant in an equitable suit is not liable to imprisonment or final execution unless it appears by the complaint that the cause of action is one which falls within section 179 of the Code, or where the court has upon an affidavit stating extrinsic facts, granted an order of arrest.

The uniting of a cause of action for which a defendant could be arrested, with one for which he could not, entitles him to have the execution against his person vacated and set aside. The union of the causes of action amounts to a waiver of the right to an arrest, and also to a waiver of a right to an execution against the person.

On a motion to vacate an execution against the person, the findings of the justice at special term cannot be considered for the purpose of upholding the execution. If the complaint does not show a right to arrest, or if it shows that such right has been waived by an improper blending of two causes of action, in the absence of an order of arrest, final execution against the person cannot be resorted to.

*N. Y. Chambers, November, 1876.*

*J. L. Lindsay,* for plaintiff.

*C. Wehle,* for defendant.

LAWRENCE, *J.* — The execution against the defendant's person cannot, I think, be sustained. This is an equitable suit, and was brought for the purpose of obtaining an injunction and a receiver and to recover the possession of the property specified in the complaint.

The cause was tried before a justice sitting at special term,

as an equitable cause, and the findings on which the plaintiff relies, as sustaining his right to an execution against the defendant's person, are stated to have been found at a special term of the supreme court, &c., held for the trial of equity causes, &c.

In an equitable suit the defendant is not liable to imprisonment on final execution unless it appears by the complaint that the cause of action is one which falls within section 179 of the Code; or where the court has, upon an affidavit stating extrinsic facts, granted an order of arrest. The complaint in this case does not appear to state a cause of action for which the defendant might have been arrested and no order of arrest was obtained. If I am in error in this conclusion, there is another ground upon which I am of the opinion that the defendant is entitled to have the execution against his person vacated and set aside, and that is this : Assuming the action to be for equitable relief and also for the recovery of the possession of property wrongfully converted by the defendant, it is quite clear that the plaintiff has united a cause of action, for which the defendant cannot be arrested, with one for which the defendant can be arrested. This union of the causes of action amounted to a waiver of the right to an arrest, and also to waiver of a right to an execution against the person (*Lambert* agt. *Snow*, 9 *Abbott*, 91 ; *Brown* agt. *Ashbough*, 40 *How.*, 245).

The argument contained in the plaintiff's brief, as to the alleged injustice of vacating the execution against the defendant's person, cannot be considered by me. The law must be administered in accordance with the course of judicial decisions and in conformity with the precedents.

If extrinsic facts existed which justified the arrest of the defendant, those facts could have been made to appear to the court, by affidavit, and an order of arrest would have been granted.

Such an order, unvacated, would have authorized the issuing of an execution against the defendant's person, upon the

return of an execution against his property unsatisfied (*Wood* agt. *Henry*, 40 *N. Y.*, 124).

The findings of the justice at special term cannot be considered for the purpose of upholding the execution against the defendant's person. If the complaint does not show a right to arrest, or if it shows that such right has been waived by an improper blending of two causes of action, as above stated, in the absence of an order of arrest, final execution against the person cannot be resorted to (*Wood* agt. *Henry*, 40 *N. Y.*, 124; *Corwin* agt. *Freeland*, 2 *Seld*, 560; *Lambert* agt. *Snow*, 9 *Abbott*, 91).

The motion to vacate the execution is granted, but without costs, and upon condition that no action shall be brought by the defendant for false imprisonment.