BENJAMIN FITCH, Respondent, *v.* PATRICK McMAHON, Appellant.

(Argued December 7, 1886; decided December 17, 1886.)

THIS was an appeal from an order of General Term affirming an order of Special Term which denied a motion to vacate an order of arrest.

The following is the *mem.* of opinion:

"The ground of arrest, as stated in the order, is that specified in subdivision 1 of section 550 of the Code of Civil Procedure. The affidavits tended to establish that the goods purchased by the defendant from Benjamain Fitch & Co. were obtained by fraud. The affidavit of Fitch shows that between the 1st of September and the 21st of October, 1885, his firm sold to the defendant goods and merchandise of the value and kind alleged in the first cause of action set out in the complaint, upon his representation that he was doing a good business, which the affiant alleges was untrue, 'which appears by the affidavits annexed,' and to which he refers. It appears by reference to their affidavit that on the 13th of November, 1885, twenty-three days after the last sale by Fitch & Co, the defendant made a general assignment to one of his sons, with a fraudulent preference in favor of a son residing in England, of $4,220, and that his assets at the time of his assignment were $7,212.25, and his liabilities about $14,308.17.

"It is a reasonable inference from these facts that the defendant's representations to Fitch & Co. that he was doing a good business, upon the faith of which Fitch & Co. sold the goods, were false.

"The fraud in the purchase of the goods justified the further inference that the inability of the sheriff to find the goods and take them on the requisition was, in consequence of a fraudulent disposition or concealment of the goods by the defendant, in pursuance of his original fraud, with intent that they should not be taken, and to deprive the true owner of the benefit thereof. (*Barnett* v. *Selling*, 70 N. Y. 492.)

"The affidavits presented a case justifying the judge grant-

ing the order in deciding that a cause of arrest under subdivision 1, section 550, was made out. The evidence presented to the judge was not as full and satisfactory as might be desired; but there was enough to confer jurisdiction to grant the order. We assent to the contention of the defendant's attorney that the allegation in the complaint, that the defendant 'wrongfully took' the chattels for which the action was brought did not necessarily imply a fraudulent taking, and that the right to arrest depended upon an extrinsic fact to be shown. But we think the requisite extrinsic fact was shown, or at least there was evidence tending to show it, which gave the judge jurisdiction.

"The order should be affirmed."

*William J. Gaynor* for appellant.

*Abram Kling* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Order affirmed.