HERMON L. ENSIGN, RESPONDENT, *v.* FRANK TRACY NELSON, APPELLANT.

*Order of arrest — in an action based upon what kind of contract it may issue — substitute for the writ of* ne exeat *— motion to vacate an order of arrest — effect of presenting further affidavits*

Under section 571 of the Code of Civil Procedure — authorizing the court to make an order of arrest in an action wherein the judgment demanded would require the performance of an act, the neglect or refusal to perform which would be punishable as a contempt, and the defendant is not a resident of the State, or being a resident is about to depart therefrom, by reason of which non-residence or departure there might be danger that the judgment or order requiring the performance of the act would be ineffectual — an order of arrest may properly issue in an action brought for an accounting upon an agreement between the parties, by which the defendant agreed to secure the exclusive control of the advertising of responsible parties, and to turn over their contracts to the plaintiff for performance by him, the parties agreeing to share equally the net proceeds which might accrue from the advertising, begun and executed in that manner, where it appears that contracts had been obtained for printing, which had been performed under this agreement, that the defendant had collected amounts due for the services rendered, had failed to account with the plaintiff concerning the same, and that the defendant was a resident of the State of Pennsylvania.

That, whether the parties were to be regarded strictly as partners as between themselves, or as persons engaged in a joint enterprise for mutual profit under the agreement which they entered into, was not important, as in either view the action for an accounting could be maintained by the plaintiff against the defendant; and in the regular course of proceeding in the action the defendant could, and ordinarily would, be required to present a statement of the business and of the accounts; for his failure to comply with which order the defendant might be punished as for contempt.

That the order of arrest in this class of cases is a substitute for the former writ of *ne exeat* which has been abolished by the Code of Civil Procedure.

Where any affidavit on his part is presented by a defendant who moves to vacate an order of arrest, it authorizes the plaintiff to present further affidavits to sustain any of the grounds of the arrest.

APPEAL from an order denying a motion to vacate an order of arrest, and from an order permitting the complaint to be read by way of answer to the defendant's motion to vacate the order of arrest.

*George W. Blunt*, for the appellant.

*Sumner B. Stiles*, for the respondent.

DANIELS, J.:

The order of arrest was made by the court under section 551 of the Code of Civil Procedure. This authorizes the court to make the order, in an action wherein the judgment demanded would require the performance of an act, the neglect or refusal to perform which would be punishable by the court as a contempt, and the defendant is not a resident of the State, or being a resident is about to depart therefrom, by reason of which non-residence or departure there might be danger that the judgment or order requiring the performance of the act would be ineffectual. The action was brought for an accounting upon an agreement between the parties by which the defendant agreed to secure the exclusive control of the advertising of responsible parties, and to turn over their contracts to the plaintiff for performance by him, the parties agreeing to share equally the net profits which might accrue from the advertising begun and executed in that manner. It was stated in the affidavits that contracts had been obtained for printing, and had been performed under this agreement, and that the defendant had collected the amounts due for the services rendered, and had failed to account with the plaintiff concerning the same. It was also stated that the defendant did not reside within this State, but was a resident of Philadelphia, in the State of Pennsylvania.

These facts presented a presumptive right of action against the defendant, and a case in which an order for his arrest and detention might be made by the court, and it did not follow, because the balance recovered by the judgment could be collected by execution, that the defendant could not be arrested under the order. Whether the parties are to be regarded strictly as partners between them-

selves, or as persons engaged in a joint enterprise for mutual profit under the agreement which they entered into, is not important, for in either view an action for an accounting could be maintained by the plaintiff against the defendant. (*Marston* v. *Gould*, 69 N. Y., 220, 224, 225.) And in the regular course of proceeding in the action the defendant could, and ordinarily would, be required to present and file a statement of the business and of the accounts. (*Hathaway* v. *Russell*, 7 Abb. N. C., 138; affirmed, 46 N. Y. Supr. Ct. R., 103.)

The practice in an action for an accounting was there considered, and the conclusion was sustained upon authority that the defendant under the present system could be required, as he was, under the preceding practice in chancery, to state and file an account of the business and transactions of the firm, or of their joint adventure. And where that direction may be given, and the defendant fails to comply with it, then it could regularly be enforced by the court, by the punishment of the party failing to comply, for a contempt. The direction would regularly be given by an interlocutory judgment, which would be a judgment within the language of subdivision 4 of section 550 of the Code of Civil Procedure, for the term judgment, as it was there used, includes either an interlocutory or final determination of the rights of the parties. (Code of Civil Pro., § 1200.)

The order of arrest in this class of cases is a substitute for the writ of *ne exeat*, which has been abolished by the Code; and it is authorized by section 551 of the Code in an action of this description, and so was a *ne exeat* held to be in cases arising in courts of equity. (*Myer* v. *Myer*, 25 N. J. Eq., 28; *Dean* v. *Smith*, 23 Wis., 483.)

The defendant moved to vacate the order, not only upon the alleged insufficiency of the affidavits on which it was made, but also on an affidavit of his own stating that he had demanded an account of the transactions of the business from the plaintiff, who had refused to furnish it, and that he was in the employ of Munn & Co., in the city of New York, although a resident of the city of Philadelphia. This affidavit, although briefly stating additional facts, vested the plaintiff with the right, under section 568 of the Code of Civil Procedure, to oppose the application for the discharge of the order

by new proof tending to sustain any ground of arrest recited in the order; and such additional proof was produced upon the hearing, but not materially changing the case as it had been before presented. After the argument of the motion and its submission to the court an application was made on behalf of the plaintiff for leave to add the complaint to the additional proofs produced, and after the hearing of the defendant upon that application the order was made allowing the complaint to be submitted. This the court evidently had the power to do, inasmuch as the motion remained undecided, and the complaint was received only as an additional affidavit tending to sustain the order of arrest. The extent to which the new proof may be made is not important. If it is given in any degree in support of the application to discharge the order, the plaintiff has the right to sustain it by further proof or further affidavits on his part directed to either of the grounds upon which the order may have been made. The undertaking, given upon the application for the order of arrest, was executed by two sureties in the sum of $250, and by section 560 of the Code it was required to be in the form and amount which the court should prescribe. This undertaking was accepted and approved by the judge presiding in the court where the order was made, and it conforms to all that is requisite to bring it within this section of the Code; and as the order itself was made by the court it was not necessary that it should be subscribed by the judge presiding.

Upon no ground does the defendant appear to be entitled to be relieved from this order of arrest, and both that order, and also that made on the application permitting the complaint to be added to the proofs on the hearing of the motion, should be affirmed, with ten dollars costs, and also the disbursements.

Brady and Bartlett, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.