(29 Misc. Rep. 660.)

## WOODS v. ARMSTRONG.

(Supreme Court, Special Term, Erie County. December, 1899.)

1. PLEADING—INCORPORATION OF ALLEGATIONS BY REFERENCE.

Allegations of fraudulent representations as inducement to a contract of sale in one cause of action in the complaint are not incorporated in a second cause of action by an averment that parties to the action had entered into a contract "as alleged in the first cause of action herein, which is hereby referred to, and made a part of this cause of action as fully as if stated at length herein"; the language clearly referring to the making of the contract.

2. SAME—CONSTRUCTION OF PLEADING.

A claim that a complaint states but one cause of action is not supported, where the complaint refers to different causes of action on which it is based. and the judgment states·that it was taken on the "first cause of action set forth in the complaint."

3. ARREST—WAIVER OF REMEDY BY IMPROPER JOINDER OF CAUSES OF ACTION.

Where plaintiff unites a cause of action in which he is not entitled to arrest with a cause in which he is entitled to the remedy, he waives the right to the remedy; and this, though he elects to proceed on the single cause of action entitling him to the remedy.

4. ACTION—TORT AND CONTRACT.

Where first cause of action set forth in the complaint is for fraud, in inducing plaintiff to buy certain property on false representations that it was free from incumbrances, and the second cause of action alleges that the parties entered into a certain contract for the sale of land "as alleged in the first cause of action, which is hereby referred to, and made a part of this cause of action," the first cause of action set forth in the complaint is in tort, and the second in contract.

Action by Patrick Woods against George P. Armstrong. Judgment for plaintiff. On motion to vacate an execution against the person of defendant. Motion granted.

Busch & Harvey (Francis E. Wood, of counsel), for the motion.
Lewis & Lewis, opposed.

KENEFICK, J.  This is a motion to vacate an execution issued against the person of the defendant on a judgment in the above-entitled action. The summons and complaint were served upon the defendant. He did not appear, and an application was made to the court for judgment, and judgment entered against the defendant. The complaint sets forth two causes of action, and the plaintiff elected to obtain judgment on the first cause of action set forth in the complaint. An examination of the complaint shows that the first cause of action set forth is for fraud in falsely representing that certain property was free of incumbrance, and thereby inducing the plaintiff to buy the same, and pay the sum of money demanded in the complaint. The second cause of action set forth in the complaint is clearly a cause of action for a breach of contract. The allegations of fraud contained in the first cause of action are not incorporated in the second cause of action by virtue of the allegation at the outset of the second cause of action:

"That the plaintiff and the defendant entered into a certain contract for the sale of land as alleged in the first cause of action herein, which is hereby referred to, and made a part of this cause of action as fully as if stated at length herein."

That which is "referred to, and made a part of this cause of action," is clearly the allegation in the first cause of action as to the making of the contract, and no reasonable construction of this language can include anything more. If all the allegations of the first cause of action were, by the above-quoted language, made a part of the second cause of action, why was it necessary, in the third paragraph of the second cause of action, in speaking of the judgment, to say, "A certain judgment alleged in the first cause of action, which is hereby referred to, and made a part of this cause of action"? I think it is reasonably clear that the first cause of action set forth in the complaint is in tort, and the second cause of action on contract. Neither can it be claimed that there was but a single cause of action set forth in the complaint. The very language of the complaint, and of the judgment which was taken "upon the first cause of action set forth in the complaint," forbids this claim.

Upon this motion the defendant invokes the rule that, when the plaintiff unites a cause of action in which he is not entitled to the remedy by an arrest with a cause of action in which he is entitled to such a remedy, he waives the right to the remedy. This principle is well settled. Smith v. Knapp, 30 N. Y. 588; Lambert v. Snow, 9 Abb. Prac. 91; Brown v. Ashbough, 40 How. Prac. 226. It is urged, however, that the plaintiff, in his application for judgment, having elected to proceed on the first cause of action, and having obtained his judgment on that cause of action, is entitled to this body execution. This contention cannot well be sustained. It will hardly be questioned, in view of the authorities above cited, that, if the plaintiff had applied for an order of arrest in this action, it could not have been granted, owing to the blending of these causes of action in the complaint. This being so, it would be unjust to permit the plaintiff to acquire the remedy of arrest by the mere default of the defendant. The principle is well stated in Pam v. Vilmar, 52 How. Prac. 240:

"The findings of the justice at special term cannot be considered for the purpose of upholding the execution against the defendant's person. If the complaint does not show a right to arrest, or if it shows that such right has been waived by an improper blending of two causes of action, as above stated, in the absence of an order of arrest, final execution against the person cannot be resorted to."

The motion to vacate the execution against the person of the defendant is granted, but without costs.

Motion granted, without costs.