## BROOME v. COCHRAN.

(Supreme Court, Special Term, Kings County. June, 1900.)

EXECUTION AGAINST PERSON—NATURE OF ACTION—EQUITY SUIT—ACCOUNTING—CONVEYANCE FRAUDULENTLY PROCURED.

Under Code Civ. Proc. § 1487, authorizing execution against the person of a judgment debtor when the nature of the action entitles plaintiff to an order of arrest, no such execution lies where judgment was obtained against an attorney in an equity suit by a client to set aside a conveyance of real estate fraudulently obtained, and for an accounting, since such cause of action is not within section 549, limiting such right of arrest to actions to recover fines, penalties, chattels, damages for certain torts, and other enumerated common-law actions.

Suit by George C. Broome against William H. Cochran. There was a judgment in favor of the plaintiff, and an execution against the person of the defendant. Motion to set aside the execution. Granted.

Joseph A. Burr, for the motion.
George S. Ingraham, opposed.

GAYNOR, J. This was a suit in equity to set aside a conveyance of real estate by the plaintiff to the defendant, on the ground that the defendant while acting as the attorney at law of the plaintiff obtained the same of him at an inadequate value by means of false statements and advice as such attorney; and for an accounting of the rents received by the defendant, and of all credits or deductions he was entitled to, and that judgment should be given for the balance found due to either party. Judgment was obtained against the defendant setting aside the conveyance, and for a balance found against him. An execution against the person can be issued where the plaintiff had from the nature of the action a right to an order of arrest against the defendant, or in any other case where such an order was granted and executed. Code Civ. Proc. § 1487. The nature of this

action did not entitle the plaintiff to an order of arrest (section 549); and no order of arrest was granted on extrinsic facts. This section allows orders of arrest in actions to recover a fine or penalty, or chattels, or to recover "damages" for specified torts, and in other enumerated common-law actions. It does not seem to embrace suits in equity. If an action for any of the causes specified in it should be brought on the equity side of the court for special reasons giving equity jurisdiction, no doubt the right to arrest would follow the cause of action there. But the present cause of action is not enumerated in the section at all.

The motion is granted with $10 costs.