(90 App. Div. 204.)

### BACON v. GROSSMANN.

(Supreme Court, Appellate Division, First Department. January 22, 1904.)

1. JUDGMENT ROLL—INSERTION IN POSTEA—AUTHORITY OF CLERK—DIRECTION OF BODY EXECUTION.

In making up the judgment roll in the Supreme Court, the clerk has no authority to determine whether the cause of action is such as to authorize an execution against the person, but the attorney for plaintiff must take the responsibility of determining that question from the record; and hence recitals in the postea of the record purporting to authorize such action, and adjudging that plaintiff may so enforce the judgment, were properly stricken out on motion.

Appeal from Special Term.

Action by Nathaniel T. Bacon against Ignatius R. Grossmann. From an order amending the judgment for plaintiff, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Selden Bacon, for appellant.
Gormly J. Sproull, for respondent.

VAN BRUNT, P. J. As appears by the clerk's minutes, this action was tried by the court and a jury, and a verdict rendered by direction of the court in favor of the plaintiff. Thereupon the judgment roll was made up by the clerk, the postea in which contained recitals that it appeared from the record that this action was brought to recover money had and received by the defendant to the use of the plaintiff and his assignors, and it being alleged in the complaint that the money sued for was received by the defendant in a fiduciary capacity and that he converted the same to his own use; and it appearing from the pleading that this is an action in which the plaintiff is entitled to satisfy his judgment by execution against the body of the defendant, etc., it is adjudged that the plaintiff recover of the defendant a certain sum of money, and that said plaintiff may enforce the judgment against the

person of the defendant, and that the plaintiff have execution therefor. A motion was made to strike out these recitals in the postea of the judgment roll, which motion was granted, and from the order thereupon entered this appeal is taken.

It is claimed upon the part of the appellant that the propriety of inserting such a provision in the judgment seems to be thoroughly established by the Court of Appeals, citing the case of Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992. An examination of the record of this case shows that the question litigated there came up in an entirely different form from that presented to this court upon this appeal. There was no question of regularity whatever brought up upon the appeal in that case. The question litigated there was whether, under the allegations of the complaint, it appeared that the defendant had received the money in a fiduciary capacity, and an execution against the person could issue. It was held by the General Term that the complaint did not authorize an execution against the person, and that therefore the provisions of the postea of the judgment roll allowing such execution were improper. The Court of Appeals decided that the complaint did set out a cause of action, which, upon a recovery, allowed the issuing of an execution against the person. There was no question before the court as to the regularity of the insertion in the postea of any such provision. Questions of regularity can never be raised upon an appeal. The only way in which that question could be raised would be by a motion to strike from the postea of the judgment roll the words adjudging execution against the person, as was done in the case at bar. It is to be determined from the allegations contained in the complaint as to whether the action is one in which an execution against the person can issue. Under the provisions of the old Code of Procedure and of the Code of Civil Procedure as first enacted in reference to arrest, there were certain causes of action where an order of arrest might issue because of the nature of the cause of action. There were certain other actions where, in consequence of facts extrinsic to the cause of action, an order of arrest might issue; and in those cases the right to the order of arrest was established by affidavit, and where it was so established an execution against the person might issue upon the judgment. But in those cases in which the right to issue an execution depended upon the nature of the cause of action, such procedure does not seem to have been necessary. Subsequently the provisions of the Code of Civil Procedure were amended by the consolidation of sections 549 and 550, so that, if the plaintiff desired an execution against the person because of extrinsic facts, he was bound to allege those facts in his complaint, and prove them upon the trial; but, in case of failure to prove those facts upon the trial, he was not prevented from bringing a subsequent action to recover upon the debt. There is no provision of the Code of Civil Procedure which in any way authorizes the clerk to determine the proposition as to whether the cause of action is of such character as to authorize the issuance of an execution against the person or not. That the attorney must take the responsibility of, and it cannot be put upon the clerk.

In the Municipal Court, where the pleadings may be oral, the law requires, when an execution can be issued against the person, that the

judgment of the justice must so state, and then the clerk must enter such fact in the docket. In the Code of Civil Procedure there is no such provision relating to courts of record, showing that the allegations of the complaint must determine whether execution against the person can issue, and there is no provision authorizing any action of the clerk upon the subject. In the lower courts mentioned, where the pleadings may be oral, of course the record contains nothing to indicate whether the action is of that character or not, and hence there must be a judicial direction.

We think, therefore, that the order was correct, and should be affirmed, with $10 costs and disbursements. All concur.