## FENTON v. DUCKWORTH.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

1. EXECUTION (§ 433*)—EXECUTION AGAINST THE BODY—DETERMINATION OF RIGHT.

   The right to a body execution is to be determined by the allegations of the complaint, in view of the provisions of Code Civ. Proc. § 549.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1234; Dec. Dig. § 433.*]

2. EXECUTION (§ 423*)—EXECUTION AGAINST BODY—EQUITY SUIT.

   A suit for an accounting, based on an allegation of the receipt of moneys, the actual amount of which and the dates when received are alleged by the complaint to be within the peculiar knowledge of defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, and not within plaintiff's personal knowledge, is one in equity, so that there can be no body execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1215; Dec. Dig. § 423.*]

3. EXECUTION (§ 423*)—BODY EXECUTION—SEVERAL CAUSES OF ACTION.

One of several causes of action sued on in the same action being purely equitable, a body execution is not justified.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1221; Dec. Dig. § 423.*]

Appeal from Special Term, Kings County.

Action by Mary Fenton against Walter F. Duckworth. From an order, defendant appeals. Reversed, and motion denied.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Stillman F. Kneeland, for appellant.

Frederick P. Schenck (William H. Osborne, on the brief), for respondent.

JENKS, J. This is an appeal by the defendant from an order of the Special Term vacating an order that vacated a body execution against the defendant. There was no order of arrest granted. The plaintiff's right to this remedy is to be determined by the allegations of his complaint (Bacon v. Grossmann, 90 App. Div. 204, 86 N. Y. Supp. 66), in view of the provisions of section 549 of the Code of Civil Procedure. The plaintiff, for a first cause of action, complains that she conveyed certain premises without consideration to the defendant, who was an agent and trustee in charge of her real estate, upon his representation that thereby it would facilitate a sale thereof for her benefit, and upon his promise either to account for any proceeds in case of a sale or otherwise to reconvey. She further complains that he did not sell, and refuses to reconvey. And for a second cause of action she complains that the defendant as a real estate agent employed to manage her real estate came into possession of both the said real property and of certain moneys, rents, loans secured upon her realty, and proceeds of sales and mortgages which were received by him as agent and trustee, to be paid over to her and to be accounted for, but that, although requested, had failed so to do. She prayed for a judgment of reconveyance and for an account. The action was tried at Special Term. An interlocutory judgment was made in her favor. Then a final judgment followed that afforded her a reconveyance and the recovery of a sum of money determined by the accounting directed in the interlocutory judgment.

The learned Special Term, as I have said, originally held that a body execution could not issue, but reversed its order on the authority of section 549 of the Code and Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992. We think that the original conclusion of the learned Special Term was right, and that this order must be reversed. "An execution against the person cannot be issued in suits in equity, except where a common-law action is brought on the equity side of the court for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

special reasons giving equity jurisdiction." Nichols' New York Practice, vol. 3, pp. 3199, 3200. The pleadings clearly indicate that this action is in equity. In Moffatt v. Fulton, supra, relied upon by the learned court and cited by the respondent, the action was for money received, to recover the proceeds of two promissory notes alleged to have been received in a fiduciary capacity. It was tried at circuit. The Court of Appeals held that an express averment that the money was received in a fiduciary capacity was not necessary, if the facts pleaded showed that it was so received within the purview of section 549 of the Code of Civil Procedure. This section expressly contemplates an action to recover for money received by a factor, agent, broker, or other person in a fiduciary capacity. There is a material difference between a count for specific money had and received—a common-law action—which was the cause pleaded in the Moffatt Case, supra, and a prayer for an accounting based on allegations of the receipt of moneys, "the actual amount of which and the dates when the same were collected and received by and paid to the defendant are within the peculiar knowledge of the defendant and are not within the personal knowledge of the plaintiff," as in the complaint in the case at bar, which is addressed to the equity side of the court.

The learned counsel for the respondent, in addition to Moffatt v. Fulton, supra, cites three cases. In Ensign v. Nelson, 49 Hun, 215, 1 N. Y. Supp. 685, the order of arrest was issued under section 551 of the Code of Civil Procedure as a substitute for the writ of ne exeat. I fail to find in Pam v. Vilmar, 52 How. Prac. 239, any authority that aids the respondent. The edition which I consulted does not show the statement quoted by the learned counsel. The judgment in Broome v. Cochran, 31 Misc. Rep. 660, 64 N. Y. Supp. 1043, was written by Mr. Justice Gaynor, now a member of this court, and is an authority against the respondent, as I read it. In any event the first cause of action is purely equitable, and hence a body execution was not justified. Miller v. Scherder, 2 N. Y. 262; Smith v. Knapp, 30 N. Y. 581; Am. Union Tel. Co. v. Middleton, 80 N. Y. 412; Brown v. Treat, 1 Hill, 225.

The order is reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.