Giegerich, J.
The defendant Henry Richmond moves to vacate an order for his arrest. The motion is made upon the papers on which the order of arrest was granted. The order in question is challenged upon the ground that it was improperly granted, because the action is of an equitable nature, and an order of arrest is not authorized except in an action at law. The complaint in substance alleges that the said .defendant sold a cleaning, dyeing and tailoring business to the plaintiff for the sum of $3,000 — $2,000 in cash and $1,000 in ten promissory notes, secured by a purchase money chattel mortgage; that the plaintiff was induced to *551 make the purchase through false representations made by the said defendant concerning the character of the business, including the schedule of prices received for work done and the sources from which the work was obtained. It is further alleged that the notes and mortgages were given to the defendant Edith Richmond. The relief demanded is a judgment for $3,000 against the defendant Henry Richmond; that the bill of sale and the notes be declared null and void; that the defendants be directed to surrender to the plaintiff the chattel mortgage and promissory notes, and that the defendants be enjoined and restrained from negotiating the notes and from suing upon them. The proposition that an order of arrest will not be granted in an equitable action is based upon cases quite distinguishable from the present one. People ex rel. Caldwell v. Kelly, 35 Barb. 444, was an action by judgment creditors against the judgment debtor and others to have certain instruments set aside and, so far as appears from the report, there was no feature of the case which would have entitled the plaintiff to recover a money judgment in an action at law. Fassett v. Tallmadge, 37 Barb. 436, was an action to set aside a conveyance of personal property on the ground of fraud. This, too, was an action of a purely equitable nature. Broome v. Cochran, 31 Misc. Rep. 660, was also a purely equitable action, being brought to set aside a conveyance of real estate and for an accounting of rents. The opinion, however, contains the following significant sentence: “If an action for any of.the causes specified in it (Code Civ. Pro. § 549) should be brought on the equity side of the court for special reasons giving equity jurisdiction, no doubt the right to arrest would follow the cause of action there. But the present cause of action is not "enumerated in the section at all,” The present action is manifestly dif *552 ferent from the actions above referred to, and belongs rather to the class illustrated in Valentine v. Richardt, 6 N. Y. Supp. 197, which was an action brought for a judgment against the defendant for money and other personal property alleged to have been fraudulently obtained, and for an accounting. The court observed that the prayer for the accounting was unnecessary and immaterial, and that the action was based upon the fraudulent obtainment of money and personal property. Fenton v. Duckworth, 131 App. Div. 291, throws some light upon the question involved. There the plaintiff alleged that she conveyed certain real estate to the defendant, who was an agent and trustee in charge of her real estate, upon his promise to sell the same and account for the proceeds or to reconvey. The relief asked for was a reconveyance and an accounting of the rents and other sums received. The court held that the order of arrest was not justified by the nature of the action, quoting 3 Nichols New York Practice, 3199, 3200, as follows: “An execution against the person cannot be issued in suits in equity, except where a common-law action is brought on the equity side of the court for special reasons giving equity jurisdiction.” The present action differs from the actions above referred to where orders of arrest were held improper in that in none of them would the plaintiff have been entitled to a common-law judgment for a sum of money had he seen fit to confine his claim to strictly legal limits and not ask for further relief of an equitable character to which the facts entitled him. In none of those actions could the plaintiff have obtained any relief at all without the exercise of the equitable powers of the court, while in the present case he would have been entitled in an action at law, had he chosen to bring such an action, at least to the return of the $2,000 *553 paid. As I understand the authorities, and as would seem to be a fair construction of the language of section 549 of the Code of Civil Procedure, the fact that he brings his action on the equity side of the court because he wishes to obtain additional relief of an equitable character is no sufficient reason why he should be refused the relief to which he is entitled by virtue of the common-law element of his claim. The motion to vacate the order of arrest is therefore denied, with ten dollars costs.
Motion denied, with ten dollars costs.