## B. I. P. (EXPORT), LIMITED, v. ISAACS et al.

District Court, S. D. New York.
March 11, 1935.

Robert C. Richter, of New York City (Fred Francis Weiss, of New York City, of counsel), for plaintiff.

Henry A. Drescher, of New York City, for defendant Benjamin F. Isaacs.

Goldsmith, Goldblatt & Hanower, of New York City, for defendant Michael Mindlin.

PATTERSON, District Judge.

The motion is by the plaintiff to amend a judgment so as to insert a provision for body execution. The judgment as entered provided merely that the plaintiff have execution.

The plaintiff brought suit in equity in this court against the defendants. The bill alleged that by an agreement between the parties the plaintiff granted to the defendants the right to exploit a motion picture, the defendants agreeing to pay to the plaintiff as royalty the sum of $4,000 out of the first gross receipts derived by them, to pay over certain further sums out of further gross receipts, and to share excess gross receipts with the plaintiff. There was a provision that in any event the defendants should pay $4,000 as an advance against the plaintiff's share of the gross receipts. The bill alleged that the defendants exhibited the picture and received moneys in excess of $3,000; that they paid on account of the agreed $4,000 only $891.-20, leaving an unpaid balance of $3,108.80. The relief demanded was an accounting for all moneys derived by the defendants out of the picture, together with judgment for $3,108.80 and any further sums found due.

The defendants at first answered. Later they signed a stipulation withdrawing their

answer and consenting to judgment in the sum of $3,108.80, the amount demanded in the bill, and $341.92 as interest, a total of $3,450.72. Such was the judgment entered.

The suit is in equity, being primarily for an accounting. The equity rules and pertinent statutes of the United States permit body execution to enforce a judgment or decree for payment of money to the same extent that the laws of the state in which the court sits allow body execution. Equity Rules, rule 8, 28 USCA following section 723; Rev. St. § 916 (28 USCA § 727); Rev. St. § 990 (28 USCA § 843). The inquiry then is whether the New York courts would grant body execution in a case of this type.

Execution against the person, by New York law, may issue where the action is one of those in which the defendant may be civilly arrested because of the nature of the cause of action. Civil Practice Act, § 764. The actions wherein a civil arrest of the defendant is available to the plaintiff are set forth in section 826. Among them is an action to recover for money received against a person in a fiduciary capacity. But the New York courts have held that execution against the person cannot be issued in a suit in equity, except in those cases where a common-law action is brought on the equity side for special reasons. Fenton v. Duckworth, 131 App. Div. 291, 115 N. Y. S. 686; Broome v. Cochran, 31 Misc. 660, 64 N. Y. S. 1043. It is also held that where several causes of action are joined in a single suit, one of them being a nonimprisonment cause of action, and there is a general verdict and judgment, there can be no execution by imprisonment. Miller v. Scherder, 2 N. Y. 262; American Union Telegraph Co. v. Middleton, 80 N. Y. 408; Woods v. Armstrong, 29 Misc. 660, 62 N. Y. S. 759.

These considerations are decisive in the present case. The suit is on the equity side, for an accounting. Moreover, the bill embraces a cause of action for the unpaid balance of the $4,000 which under the agreement sued on was made payable not out of gross receipts but in any event. To this extent the suit embraces a cause of action to recover an ordinary debt, for which execution against the person may not be granted.

Finally, it is evident that the defendants' stipulation for judgment covered only the cause of action for the unpaid balance of the $4,000 which they had agreed to pay whatever the gross receipts might be. The judgment was for the precise amount of this liability, with interest as stipulated. Judgment on this cause of action was a judgment on a mere debt and does not carry with it the right to body execution.

The motion to amend the judgment by inserting a provision for execution against the body will be denied.