WILSON & Co., INC., Appellant, *v.* KALMAN HERSHKOWITZ, Sued Herein as "JOHN" HERSHKOWITZ, etc., Respondent.

Supreme Court, Appellate Term, First Department, July 2, 1937.

*Rubin Cohen,* for the appellant.

No appearance for the respondent.

FRANKENTHALER, J. Section 764 of the Civil Practice Act, as amended by chapter 279 of the Laws of 1936, provides in substance for the issuance of execution against the person "by a judge or justice of a court of record only."

A general provision of the Civil Practice Act is applicable to the Municipal Court unless the same matter is regulated by provisions of the Municipal Court Code or the rules of that court. (Mun. Ct. Code, § 15.)

In courts of record generally, prior to the 1936 amendment the attorney for the judgment creditor, under judgment enforcible by execution, could issue execution against the person in the cases provided for by section 764 of the Civil Practice Act. Application to the court was unnecessary, and a provision in the judgment for the issuance of body execution was not required. (*Curtiss* v. *Jebb,* 203 N. Y. 538; *Bacon* v. *Grossmann,* 90 App. Div. 204.)

The granting and issuing of body execution is specifically provided for by the Municipal Court Code.

Section 25 provides that if no verified complaint is served with the summons in an action where execution against the person may be issued upon the judgment, the summons and the copy delivered

to the defendant must bear an indorsement substantially in the following form: " Plaintiff claims defendant is liable to arrest and imprisonment in this case."

When a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered in the docket. (Mun. Ct. Code, § 128.)

By section 130 an execution may be issued upon a judgment when the judgment creditor does not appear by attorney by the clerk of the court in the district where the judgment was entered, or by the attorney for the judgment creditor within six years thereafter.

A Municipal Court execution must be directed to a marshal and subscribed by either the clerk of the court in the district in which the judgment was rendered, or the attorney for the judgment creditor. If it is a case where the defendant may be arrested, in addition to directing the marshal to collect the amount due on the judgment, it may direct him, if sufficient property of the defendant liable to execution cannot be found to satisfy the judgment, to arrest the defendant and commit him to the jail of the county wherein the district in which the judgment was entered is situate, until he pay the judgment or be discharged according to law. Return must be made within twenty days. (Mun. Ct. Code, § 135.)

In respect to renewal of execution, section 138 provides that at the request of the judgment creditor an execution may be renewed before the expiration of the twenty days by the word " renewal " being written thereon with the date, and subscribed by the clerk of the court. Such renewal has the same effect as an original issue, and may be repeated as often as necessary. If an execution is returned unsatisfied others may be issued on like request from time to time until the judgment is satisfied.

In the case at hand the record shows that the action was begun by the service of summons and verified complaint to recover damages for fraud; that after trial of that issue the justice — a justice of a court of record — decided: " I hereby find that after trial plaintiff is entitled to judgment on the merits for $134.37, which includes interest. If property execution is returned unsatisfied, then body execution is to issue and I order and adjudge that said plaintiff have judgment accordingly." And the judgment provides " that upon the return of the property execution unsatisfied, an execution against the person of the defendant issue."

Having a case here where the issuance of a body execution was specifically authorized by a justice of a court of record in accordance with the practice of that court, I cannot see the slightest ground for a repeated direction or authorization by the justice of the issuance

of execution against the person; and although the application was " denied " by the justice such denial was apparently on the theory that the motion was wholly unnecessary.

That the 1936 amendment is inapplicable to the Municipal Court is convincing on an examination of the terms of the amendment itself. It provides that where a judgment can be enforced by execution, as prescribed by section 764 of the Civil Practice Act, " an execution against the person of the judgment debtor may be issued thereupon, to the sheriff of any county where the judgment debtor may be found * * * by a judge or justice of a court of record only."

In the Municipal Court execution (when transcript of judgment is not filed with county clerk) is issued to a marshal in any of the counties making up the city of New York, not to a sheriff, and it must be assumed that it was not the intention of the Legislature to permit the issuance of execution out of the Municipal Court to the sheriff of any county in the State. Similar legislation was deemed unconstitutional in *American Historical Society* v. *Glenn* (248 N. Y. 445).

Order affirmed, with ten dollars costs.

All concur. Present — LYDON, HAMMER and FRANKENTHALER, JJ.