JOSEPH M. HABER, Plaintiff, *v.* PAUL GINGOLD and GUSSIE GINGOLD, His Wife, Doing Business under the Trade Name and Style of GOLDY NOVELTY MFG. CO., Defendants.

Municipal Court of New York, Borough of Queens, Fifth District, April 3, 1939.

*Kohn & Granirer [Martin Granirer* of counsel], for the plaintiff.

*Sigmund Moses,* for the defendant Paul Gingold.

O'ROURKE, J. The issues raised upon this motion present a novel question of practice in this court, as well as this State.

The defendants move to strike the case from the calendar by reason of alleged defective service of the plaintiff's notice of trial herein. The notice of trial herein was served by mail on March 27, 1939, returnable April 3, 1939; both parties appearing by attorneys.

The pertinent sections upon this motion to be considered are sections 15 and 95 of the New York City Municipal Court Code and section 164 of the Civil Practice Act in conjunction with rule 150 of the Rules of Civil Practice.

The provisions as to the service of a notice of trial in the Municipal Court of the City of New York are purely statutory and must be strictly construed; there being no express provision as to the manner of service by mail in the aforesaid Municipal Court Code.

Section 95 of said Code provides for the service of a notice of trial " not less than five nor more than eight days after the service of such notice." There is no express provision for the number of days additional if service is effected by mail, and accordingly, due consideration must be given to section 15 of said Code which states " except as otherwise provided in this act, or in the rules, the practice, the pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the *Supreme Court*, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding."

A general provision of the Civil Practice Act is applicable to the Municipal Court *unless* the same matter is regulated by the provisions of the Municipal Court Code or the rules of that court. (*Wilson & Co., Inc.*, v. *Hershkowitz*, 163 Misc. 721.)

Section 164 of the Civil Practice Act provides a double exception concerning the service of papers through the medium of mailing, particularly with reference to a notice of trial. Specifically, the exceptions to the general rule are contained in the following statutory language, " Where it is prescribed by statute, or in the Rules of Civil Practice, that a notice must be given or a paper must be served, within a specified time before an act is to be done; or that the adverse party has a specified time after notice or service within which to do an act; if service is made through the post office, pursuant to statute or rule, three days shall be added to the time specified, *except that service of the notice of trial may be made through the post office not less than sixteen days before the day of trial, including the day of service.*" This set forth a law prior to 1934.

Section 164 of the Civil Practice Act was subsequently amended, but nevertheless reincorporated the aforesaid double exception as follows: " where it is prescribed by statute or in the Rules of Civil Practice that a notice must be given or a paper must be served, within a specified time before an act is to be done; or that the adverse party has a specified time after notice or service within which to do an act; if service is made through the post office * * * three days shall be added to the time specified, *except that the service of a copy of a note of issue may be made through the post office not less than fourteen days before the day of trial, including the day of service.*"

By way of explanation as to the said double exception which is referred to, reference is had to the fact that (a) only *two days* are

required to be added if service of a notice of trial is made by mail in the Supreme Court or the Municipal Court and (b) the *day of service is included* in the computation of time, when the general rule is to exclude the day of service.

The intention of the Legislature to continue this *two-day* exception to the mailing rule in the cases of service of a notice of trial by mail was clearly manifested again in the provisions of rule 150 of the Rules of Civil Practice prior to March, 1935, and subsequent thereto as amended. In the earlier provision of rule 150 it set forth " at any time after the joinder of issue and at least *fourteen* days before the commencement of the term, or the opening of an adjourned term, either party may serve a notice of trial." Rule 150, as amended, substituted the use of a notice of trial by means of a note of issue and shortened the period for service to *twelve* days; *but nevertheless, if the same were mailed, under section 164 of the Civil Practice Act as hereinbefore quoted, only two days additional were required for service by mail, including the day of service.*

Applying the aforegoing sections to the instant facts, I find, by simple mathematical calculation, that there were five days in March and three days in April before the return date of the notice of trial served by the plaintiff, making a total of eight days after the service of such notice. The interpretation of section 164 of the Civil Practice Act, and rule 150 of the Rules of Civil Practice, as applied to section 95 of the Municipal Court Code, leads to the conclusion that only *seven days* are required for the service of a notice of trial by mail in the Municipal Court, *including the day of service.*

The hazards of serving a notice of trial in the Municipal Court of the City of New York are great. Unlike other courts of this State there is *both* a *minimum* and a *maximum* period of time for the service of a notice of trial whether personally or by mail in cases wherein both parties are represented by attorneys.

I believe that practitioners in said court should be forewarned and be cautious in serving the notice of trial. The following four rules are suggested to clarify this particular procedure of practice, namely, (1) if service is personal, the minimum is *five days;* and (2) not more than eight days after the service of such a notice; (3) if served by mail, the *minimum period* is *seven days,* and (4) not more than *ten days,* including the day of service.

The case of *Rethy* v. *Orszag* (102 Misc. 540), cited in support of the defendants' contention, is not in point. Said decision was clearly erroneous, the court having disregarded the statutory exceptions provided for in the case of service of a notice of trial by mail. The reasoning of that court is based upon an obviously

unsound premise and blind adherence to the general three-day rule set forth in section 164 of the Civil Practice Act. The court herein failed to distinguish the fact that the law at that time permitted the service of a notice of trial upon *fourteen days' notice* if service was effected personally, and that *sixteen* days was sufficient if service was effected by mail, including the day of service, and that said law clearly abrogated the general provisions of the three-day rule in that (a) *only two days additional* were necessary for serving a notice of trial by mail, and (b) that the day of service was included.

I am of the opinion that this early decision was erroneous and is not binding herein.

Defendant's motion to strike the case from the calendar is hereby denied in all respects, the plaintiff's notice of trial being served within the statutory period.