HOUSE OF FREDA, INC., Appellant, v. RIVERSIDE DRIVE-82ND STREET CORPORATION, Respondent.

Appeal by the plaintiff from an order of the Supreme Court, entered in the New York county clerk's office on July 27, 1940, granting defendant's motion under rule 106 of the Rules of Civil Practice to dismiss the amended complaint, and from the judgment entered thereon in said clerk's office on July 31, 1940.

Judgment and order affirmed, with costs. No opinion.

Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.; Untermyer, J., dissents and votes to reverse and deny the motion in opinion, in which Martin, P. J., concurs.

UNTERMYER, J. (dissenting). It is important to observe that the present case does not involve the right of the corporation to rescind an *ultra vires* contract for which it has received a consideration or which contains mutual covenants. The amended complaint alleges the existence of a lease between the defendant as landlord and one of its tenants, on which the plaintiff corporation was not liable. It charges that the plaintiff, out of its own funds, paid the rent for the apartment occupied by this tenant without consideration of any kind to the plaintiff and that in receiving these payments the defendant landlord " had knowledge that the plaintiff's funds were being used for the payment of the debts of a third person and that the debts paid were not those of the plaintiff corporation." It is alleged that the plaintiff subsequently disaffirmed the transaction and demanded restitution. Under these circumstances the authorities which hold that a corporation ordinarily may not rescind an *ultra vires* contract which has been executed by the parties do not apply.

The transaction set forth in the amended complaint constituted a diversion or gift of corporate assets received by the defendant with knowledge of the illegal character of the payment. Such a gratuitous payment may be recovered by the corporation or by a stockholder suing for its benefit. (See *Quintal* v. *Kellner*, 264 N. Y. 32.)

The order and judgment should be reversed and the motion to dismiss the amended complaint denied.

Martin, P. J., concurs.