JACOB KLENOFF, Respondent, *v.* ALBERT GOODSTEIN, Appellant.

First Department, December 22, 1944.

*Herman G. Schwarz* for appellant.

*Joseph Maslon* of counsel (*Isaac Goldstein* with him on the brief; *Joseph Maslon,* attorney), for respondent.

*Per Curiam.* We hold that both the motion to vacate the order of arrest, and the motion to dismiss the complaint should have been granted.

The failure to serve on defendant a copy of the affidavit on which the order of arrest was granted was a fatal defect. Section 839 of the Civil Practice Act requires that a copy of the papers upon which the order was granted must be delivered to

the defendant upon arresting him. Here the order of arrest was obtained pursuant to section 827 of the Civil Practice Act, and the right to the order depended upon proof of extrinsic facts warranting same. Reference to the affidavit was essential to enable defendant to protect his rights.

Furthermore, we find that the facts set forth in the papers upon which the order of arrest was granted were insufficient to show that defendant was subject to arrest, and that the complaint failed to set forth a cause of action.

The substance of the complaint is that in or about the month of November, 1943, plaintiff and defendant entered into a partnership agreement to open and establish a retail furnishing store, and rooming house business in the State of Florida, upon an equal profit-sharing basis; that plaintiff paid $3,500 into said partnership, but has received nothing whatever therefrom, except the sum of $1,000, although there are substantial assets and income; that the defendant has been operating and maintaining the business since May, 1944, and has exclusive possession and custody of all partnership books and property. Defendant has rendered no accounting, although the same has been demanded.

This action was commenced in July, 1944.

The affidavit subsequently filed and made part of the record added nothing material supporting a right to an order of arrest.

There is no allegation in the complaint that the partnership was for any fixed term. Assuming it was a partnership at will, there is no allegation that the partnership terminated, that dissolution was demanded, or other facts to show that the right to a legal accounting has arisen.

Although an order of arrest may properly issue in an action for a partnership accounting, where the right to such an accounting exists (*Ensign* v. *Nelson,* 49 Hun 215), in the present case there are no facts alleged establishing that plaintiff is entitled to any accounting.

The orders appealed from should be reversed, each with ten dollars costs and disbursements, and the motions granted, with leave to plaintiff to serve an amended complaint within ten days after service of order on payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Orders unanimously reversed, each with ten dollars costs and disbursements, and the motions granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order on payment of said costs.