VICTORIA FAMIGLETTI, Plaintiff, *v.* DANIEL R. DEL TERZO, Defendant.

City Court of the City of New York, Special Term, New York County, July 24, 1945.

*Arthur V. Selig* for plaintiff.

*Samuel Bonom* for defendant.

RIVERS, J.    Defendant seeks to vacate the judgment of $1,664.35 entered against him on March 12, 1945, after inquest upon the grounds (1) that the default of the defendant at the time of trial was not willful and intentional but rather was induced and procured by the false representation of the plaintiff that she would instruct her attorney to discontinue the action and (2) that the defendant has a meritorious defense in that he can prove that he owes the plaintiff only the sum of $70.    The showing made by the defendant to prove the default not willful and intentional, as well as the defendant's showing to establish a meritorious defense were not sufficient to entitle this defendant to an unconditional vacating and setting aside of this judgment.    At the trial the complaint was amended to increase the amount sued for from $1,498 to $1,570 which is an increase of $72 over the amount asked for in the prayer for relief.    In view of the fact that no notice was given to the defendant that plaintiff would move so to amend, there was no warrant in law for allowing the amendment and hence the judgment should be reduced by $72.    The motion to vacate and set aside the judgment is therefore disposed of as follows:

Judgment is modified to reduce it from the sum of $1,664.35 (the amount which the defendant's affidavit states represents the sum for which the judgment was entered) to the sum of $1,592.35, and as modified the judgment is vacated and set aside upon condition that within ten days after service of a copy of the order entered upon this decision, with notice of entry, the defendant file in this court a duly approved bond or deposit cash in the sum of $1,592.35, to secure any judgment which might be obtained by plaintiff against defendant in this action; otherwise the application is denied.

The defendant also seeks to vacate and set aside the order of this court dated March 22, 1945, directing the issuance of a body execution against the defendant and also to vacate the body execution issued to the Sheriff of the City of New York. This motion directed to the body execution will be consolidated with the motion above referred to relating to the judgment itself, so that the order entered upon this decision can make disposition of both of these motions. The defendant argues that this body execution should be set aside because (1) the plaintiff having elected to combine in one complaint a cause of action as to which there is no right to arrest with a cause of action as to which there is a right to arrest, thereby lost the right to have a body execution as a means of enforcing her judgment; (2) the complaint fails to allege facts sufficient to constitute a cause of action in fraud; and (3) the evidence at the inquest fails to establish that the defendant was guilty of any fraud as regards the plaintiff.

With regard to the first objection of the defendant to this body execution, namely combining an arrestable with a non-arrestable cause of action in the same complaint, I do not find such objection tenable. The plaintiff elected at the inquest to proceed on the fraud cause of action and the decision and judgment were entered on this fraud cause of action. Hence it is proper to consider that the plaintiff abandoned the contract cause of action which was in his complaint as it originally existed. I think therefore that this is a case in which there was a right to arrest depending on the nature of the action which plaintiff established and hence the right to a body execution.

The case of *Woods* v. *Armstrong* (29 Misc. 660) relied upon by the defendant was a case decided in 1899. Since that time, as is well known, the rules of construction as to procedural matters have been liberalized with a view to satisfying the needs of justice in a particular situation rather than to comply with legalistic interpretations.

The objection made by the defendant that the complaint does not state a cause of action in fraud I find not tenable because when the plaintiff alleges " that the defendant well knew that the promise was not made by him in good faith " — there is no question that the intent of the pleader was clear to charge fraudulent representation relied upon. In view of the fact that no motion was made addressed to this complaint, I deem that the defendant was not misled and that he suffered no prejudice because of the form of this pleading.

Finally a consideration of the evidence in the case leads me to the opinion that the showing of fraud was sufficient for the purpose of establishing plaintiff's cause of action based on fraud.

The defendant's application, therefore, to vacate the order directing the issuance of the body execution and to vacate the body execution is denied, except that it is modified to conform to the reduced amount of the judgment, which as above stated is reduced to the sum of $1,592.35.

Settle order on notice.