BROOKLYN TRUST COMPANY, Plaintiff, v. ARTHUR NIRENBERG et al., Defendants. In the Matter of BROOKLYN TRUST COMPANY, Appellant, against ARTHUR NIRENBERG, Respondent. — In an action to foreclose a mortgage, the plaintiff appeals from an order which modified the report of an official referee made after a hearing, pursuant to section 1083-a of the Civil Practice Act, fixed the value of the mortgaged premises as of the date of sale, adjudged that the plaintiff was not entitled to a deficiency judgment and, as so modified, confirmed the report. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.

JOHN CANZONERI, Appellant, v. RALPH GIGLIO, Respondent. — Plaintiff and defendant entered into an oral partnership agreement to operate barber shops under a concession from Camp Shanks, New York, commencing January 6, 1943. On April 18, 1943, plaintiff was "suspended" from the camp "until we get decision from the headquarters" for violating the rules and regulations of the camp. On April 19, 1943, plaintiff and defendant entered into a new agreement which, with certain modifications, extended the old partnership agreement. Plaintiff contends that the new agreement was to continue so long as the camp existed, while defendant contends that the new agreement was to continue until a determination by headquarters of plaintiff's appeal from the order suspending him. On June 25, 1943, the suspension order was confirmed and the court found that the partnership was dissolved on that date and directed an accounting as of that date. The court also found that it was the intention of the parties "that the plaintiff pay from his share of the profits 5% of the receipts of the shop he had formerly operated for compensation of an assistant manager of that shop ° ° ° ." The agreement provided that plaintiff "agrees to pay from his share of total weekly receipts 5% for assistant manager of shop number 1". Judgment unanimously affirmed, with costs. The above-quoted provision of finding No. 5 is reversed and a new finding will be made. Settle order on notice within five days of the date of this decision. Present — Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ.