■ ARTHUR LISBIN et al., Doing Business as WASHINGTON EQUIPMENT Co., Respondents, v. ALBERT COHEN, Appellant, et al., Defendants.— Appeal from an order granting the respondents' motion for the issuance of an execution against the person of appellant. Order reversed, without costs, and motion denied. The action against the appellant and others, based on the recovery of uncollectible judgments against a corporation of which the appellant was an

officer and director, is one founded on the alleged wrongful conduct in relation to the corporation's assets (see, e.g., General Corporation Law, §§ 60, 61; Debtor and Creditor Law, art. 10; Stock Corporation Law, § 15). Three causes of action were alleged in the complaint and judgment was entered on a decision in favor of the respondents on the three causes. Respondents concede that an execution against the person is not authorized unless such an execution is authorized on each one of the causes of action alleged in the complaint. (See, e.g., *Smith* v. *Knapp*, 30 N. Y. 581, and 5 Carmody on New York Practice [rev. ed.], § 1689.) They contend that the execution was authorized pursuant to subdivision 7 of section 826 of the Civil Practice Act (see, also, §§ 764, 766). Under that subdivision a plaintiff must not only allege but must also prove there was embezzlement or fraudulent misappropriation. The first and third causes of action, which alleged that the wrongful conduct of the directors in using and appropriating corporate assets caused the insolvency of the corporation, would have permitted the issuance of execution against the person, if they had been the only causes in the complaint. The complaint must allege facts warranting the issuance of an order of arrest. (*Bacon* v. *Grossmann*, 90 App. Div. 204.) The second cause of action contains no allegation that at the time of the alleged misuse of corporate funds to pay for the purchase of a motorboat by the sole stockholders, with the consent of all officers and directors, there were any corporate creditors, or that the corporation was insolvent, or that insolvency was imminent, or that the capital was impaired, or that the money or property was "embezzled or fraudulently misapplied." (Civ. Prac. Act, § 826, subd. 7). Therefore, it did not allege facts to make arrest permissible under subdivision 7 of section 826. "The stockholders can do what they will with their own, unless creditors or the public are adversely affected". (*Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184, 188, affd. 302 N. Y. 734; *Quintal* v. *Kellner*, 264 N. Y. 32; see, e.g., *House of Freda* v. *Riverside Drive-82nd St. Corp.*, 262 App. Div. 735.) Since the judgment was based on all of the causes of action in the complaint, and the second cause did not warrant arrest, execution against the person could not rightly issue. (*Elwood* v. *Gardner*, 45 N. Y. 349; *Boyle* v. *Semenoff*, 201 App. Div. 426; cf. *Famiglietti* v. *Del Terzo*, 185 Misc. 453, mod. 186 Misc. 444.) Wenzel, Acting P. J., MacCrate and Ughetta, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum, in which Murphy, J., concurs: Where causes of action in which body execution (or order of arrest) is permissible are joined with those where it is not, the rule that the right to that relief is waived is confined to stiuations where (1) the several counts ask for the same damages and a general verdict is rendered so that it cannot be ascertained whether the verdict was on the one cause of action or on the other (*Miller* v. *Scherder*, 2 N. Y. 262); or (2) where the body execution (or order of arrest) is granted for all the causes of action in the complaint, so that the order is granted for causes of action where the relief is not permissible as well as where it is. (*American Union Tel. Co.* v. *Middleton*, 80 N. Y. 408, 412; *Madge* v. *Puig*, 71 N. Y. 608.) On the other hand, where one of several causes of action in the complaint is insufficient, a body execution (or order of arrest) is available for the good causes of action. (*Barnett* v. *Selling*, 70 N. Y. 492; *Fitch* v. *McMahon*, 41 Hun 642, opinion of CULLEN, J., in 3 N. Y. St. Rep. 147, affd. 103 N. Y. 690.) The reasoning of the majority is to the effect that respondents should not have recovered judgment on the second cause of action because all the directors and stockholders consented to the issuance of the checks totalling $2,000 and there were no creditors and there was no insolvency. Therefore, the case falls within the rule last mentioned. In any event, the complaint, the findings, and the judgment show that the misappropriation in

the first cause of action was almost $17,000, in the second cause of action $2,000, and in the third cause of action about $600. Respondents have recovered a judgment of about $6,500. Therefore, an execution for the amount of the judgment could not have been issued on the recovery in the second cause of action, which is the only cause in which the majority holds that the body execution is not available. Where each of the causes of action is based on an entirely different transaction, and where the findings and judgment are specific as to the relief granted on each, and where an execution could not issue for the full amount of the judgment on the second cause of action, the body execution should be permitted to issue as to the judgment on the first cause of action, which alone is sufficient to cover the entire amount of the judgment, or at least that a body execution should be permitted to issue as to $4,500, and a property execution alone be permitted as to the $2,000 involved in the second cause of action. [See *post*, p. 784.]