■ ROBERT C. ARRANTS, M.D., P.C., Appellant, v ROBERT J. DELL ANGELO, M.D., P.C., Respondent.—In an action, *inter alia,* for an accounting, plaintiff appeals from an order of the Supreme Court, Westchester County, dated August 2, 1979, which denied its motion for partial summary judgment, the appointment of a receiver and an injunction, *pendente lite.* Order modified, on the law, by adding thereto, immediately after the word "denied", the following: "except that the motion is granted to the extent that partial summary judgment is granted to plaintiff on its first cause of action." As so modified, order affirmed, with $50 costs and disbursements to plaintiff, and the matter is remitted to Special Term for the appointment of a Referee pursuant to CPLR 4212 to inquire and report with respect to the status of the account existing between the parties. The complaint alleges that the parties to this action are professional service corporations organized under the laws of New York, that prior to the commencement of this action they were associated in the practice of medicine in the form of a partnership, that the partnership terminated on November 1, 1978, that thereafter defendant retained possession of the books, records and files of the partnership, retained certain partnership property and collected debts due the partnership, and that plaintiff has demanded an accounting but defendant has failed to provide the same. The defendant's answer denies the material allegations of the complaint and as an affirmative defense alleges that plaintiff breached an oral agreement concerning disposition of certain property. It is a familiar rule that a defendant opposing a motion for summary judgment must assemble, lay bare and reveal its proofs, in order to establish that the matters set up in its answer are real and are capable of being established at a trial *(Di Sabato v Soffes,* 9 AD2d 297, 301). Upon the dissolution of a partnership, a partner is entitled to an accounting of his interest (Partnership Law, § 74; *Klenoff v Goodstein,* 268 App Div 510, 511; *Canzoneri v Giglio,* 270 App Div 1047; *J. C. H. Serv. Stas. v Patrikes,* 181 Misc 401, 406; see, also, Uniform Partnership Act, § 43 [Partnership Law, § 74]; *Metaxa v Coutros,* 211 Md 499). In order to enlist the aid of a court of equity in vindicating this right a plaintiff must show (1) the existence of a partnership, (2) the transaction of business by the partnership producing profits or losses to be accounted for, (3) the termination or dissolution of the partnership, (4) a demand for an accounting and (5) a failure or refusal by the partner with the books, records, profits or other assets of the partnership in his possession to account to the other partner or partners *(Malinow v Eberly,* 322 F Supp 594, 600). It is our opinion that defendant's opposing

papers fail to establish the existence of a genuine issue of fact with respect to these elements of plaintiff's first cause of action. The testimony of Dr. Robert Dell Angelo, the principal of the defendant, given at an examination before trial, and statements made by him in an affidavit in a companion action, clearly establish the existence of the partnership, the transaction of business and the dissolution of the partnership as of November 1, 1978. Although the opposition papers attempt to create an issue of fact as to whether plaintiff ever made a demand for an accounting which was opposed by defendant, it is clear that defendant has only offered to exchange financial information with respect to accounts receivable. Plaintiff alleges, and it is not denied, that the accuracy of the information concerning partnership receipts can only be ascertained by examination of the patients' master billing cards, access to which has been denied to plaintiff. Further-more, there appears to be a genuine dispute between the parties, *inter alia,* as to the propriety of certain payments by the defendant against alleged debts of the partnership, as to whether the leasehold of partnership offices is a partnership asset and as to the value of certain partnership property retained by each of the parties. Plaintiff's principal and its counsel each aver that they made demands for a full accounting and although Dr. Dell Angelo maintains that he is willing to exchange financial information at any time, it simply cannot be denied that he has failed in his affirmative duty to produce an account. In the last analysis, the most telling part of this record is a quotation from an affidavit submitted by Dr. Dell Angelo in a companion action, in which he stated: "I firmly believe that a plenary action that provides for an audit of all records by a neutral party is the proper solution". Under these circumstances the intervention of a court of equity to require a full accounting is amply warranted. There remains the question of the relief to be granted to plaintiff. It is our view that the appointment of a receiver and the preliminary injunction requested by its moving papers is not warranted at this juncture, since the same would necessarily cause a drastic interference with the practice of medicine by the defendant corpora-tion. It is our view that the proper remedy here is the appointment of an impartial Referee pursuant to CPLR 4212 to inquire and report as to the status of the account existing between the parties. Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.